# EXHIBIT "1"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**Case No.: 4:25-cv-05034**

GUILLERMO VAZQUEZ in his capacity as Administrator of AFSCME Local 1550, and AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO,

Plaintiffs,

vs.

CYNTHIA COLE, KAREN DUGAR, SONJA ROSS, ALVERNISE BOYD, and NATIONAL ORGANIZATION FOR STATE COUNTY MUNICIPAL EMPLOYEES 1550 ASSOCIATION,

Defendants.

---

## PLAINTIFFS' MOTION FOR SUBSTITUTED SERVICE ON DEFENDANT CYNTHIA COLE

Plaintiffs Guillermo Vazquez in his capacity as Administrator of AFSCME Local 1550 ("Vazquez") and American Federation of State, County & Municipal Employees, AFL-CIO ("AFSCME")(collectively, "Plaintiffs"), respectfully move for an Order authorizing substituted service on Defendant Cynthia Cole ("Cole").

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........ ii

RELEVANT FACTS ........ 2

ARGUMENT ........ 3

LOCAL RULE 7.1(D) AVERMENT ........ 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**


Bur-Tex Hosiery, Inc. v. Yunati Shahid,
No. 4:24-CV-4900, 2025 U.S. Dist. LEXIS 33293 (S.D. Tex. 2025) ......................................4

Innovative Sports Mgmt. v. Reign Nightclub, LLC,
No. 7:21-cv-00469, 2022 U.S. Dist. LEXIS 81529 (S.D. Tex. 2022) ......................................4

Keller Williams Realty, Inc. v. Lapeer,
No. CIV.A. 4:08-CV-1292, 2008 WL 2944601 (S.D. Tex. July 31, 2008)..............................4

Mobile Env't Sols., LLC v. All-Star Inflatables Inc.,
No. 4:24-CV-4929, 2025 U.S. Dist. LEXIS 33294 (S.D. Tex. 2025) ......................................4

Pcgezg, LLC & Fnals, LLC v. Maxben Alt. Ventures I LLC,
No. 4:24-CV-01271, 2024 U.S. Dist. LEXIS 222650 (S.D. Tex. 2024) ..................................4

Plaintiffs have made numerous diligent, good-faith efforts to locate and serve Cole through traditional means. Among other things, Plaintiffs conducted an exhaustive search of public records to locate Cole, including through the hiring of a private investigator, and attempted service on her on multiple occasions and at multiple locations.

However, Plaintiffs' efforts have proven impracticable because Cole either no longer resides at her last known address, or she is evading service. Thus, Plaintiffs request leave to use alternative methods to serve Cole with the Summons and Complaint, as well as the various documents the Court ordered Plaintiffs to serve in its Order dated October 24, 2025 (the "Pretrial Conference Documents").[1] See ECF No. 6. Specifically, Plaintiffs seek to serve Cole via email at an email address she used to communicate with Plaintiffs' agents as recently as August 2025; regular and certified mail, return receipt requested at both her last known home address and the registered address for her employer, Defendant National Organization for State County Municipal Employees 1550 Association ("NOFSCME"); posting the Summons and Complaint and Pretrial Conference Documents on the door of Cole's last known home address in a plastic protector sleeve; and publication.

Based on Plaintiffs' past attempts to serve Cole, Plaintiffs have no other option but to seek the Court's intervention to now serve Cole through alternative methods that are reasonably likely to reach her.

If the Court denies the above request, Plaintiffs, in the alternative, request a sixty (60) day extension of the deadline under Fed. R. Civ. P. 4(m) to serve Cole.

[1] Specifically, the Court ordered Plaintiffs to serve all Defendants with: (i) the Order for Conference; (ii) the form for the Joint Report On Meeting Required By Rule 26(f) and Joint Discovery/Case Management Plan; and (iii) Judge Hanen's Rules of Court. See ECF No. 6.

## RELEVANT FACTS

Plaintiffs commenced this Action on October 22, 2025. See ECF No. 1. That same day, Plaintiffs' extensive efforts to serve Cole began and Plaintiffs started to work diligently to locate Cole. See Declaration of Elan Kirshenbaum ("Kirshenbaum, Decl."), submitted herewith, which outlines these efforts in greater detail. On October 30, 2025, and October 31, 2025, a process server made two unsuccessful attempts to serve Cole at her last known home address, 20119 Yorkway Drive, Katy, TX 77450. A copy of the process server's Affidavit of Due Diligence for these unsuccessful service attempts is attached as Exhibit "1" to the Kirshenbaum Decl.

After working to find additional possible addresses for Cole, on November 11, 2025, and November 12, 2025, a process server made two more unsuccessful attempts to serve Cole at another address with which she was associated, 10903 Highland Meadow Village Drive, Apt. 1416, Houston, TX 77089. A copy of the process server's Affidavit of Due Diligence for these unsuccessful service attempts is attached as Exhibit "2" to the Kirshenbaum Decl.

Plaintiffs also conducted background searches on Cole. It appeared from the searches that Cole lived at the 20119 Yorkway Drive, Katy, TX 77450 address for over 30 years, and she resided at the Yorkway Drive address as recently as late 2025. As such, Plaintiffs asked a new process server to re-attempt service at the 20119 Yorkway Drive, Katy, TX 77450 address. On November 21, 2025, a new process server made an unsuccessful attempt to serve Cole at the 20119 Yorkway Drive, Katy, TX 77450 address, and was told that the previous occupant – apparently Cole – had vacated the premises two months earlier (i.e., in or around September-early October 2025). A copy of the process server's Affidavit of Non-Service for this unsuccessful service attempt is attached as Exhibit "3" to the Kirshenbaum Decl. In this context, it is worthwhile to note that – by September-October 2025, at the time when Cole was reported to have vacated her longtime

residence on Yorkway Drive – Cole was on notice that Plaintiffs were conducting the audits of Local 1550s finances and operations that ultimately led to the present suit. See ECF 1, ¶ 67.

After this additional unsuccessful attempt to serve Cole, Plaintiffs hired a private investigator to conduct further background searches on Cole and her potential whereabouts. The private investigator reported that Cole apparently continues to reside at the 20119 Yorkway Drive, Katy, TX 77450 address, that no other address has been associated with Cole in the last five years, and that there was no indication that Cole has recently bought another property. However, the private investigator also noted that Cole has never been listed as the owner of the property at the 20119 Yorkway Drive, Katy, TX 77450 address, and Plaintiffs cannot discount the possibility that Cole has temporarily vacated her longtime residence in an attempt to evade service in this action.

Plaintiffs have made numerous, diligent efforts to serve Cole, without success. As such, Plaintiffs now move for an Order authorizing substituted service on Cole.

## ARGUMENT

Under Fed. R. Civ. P. 4(e)(1), a plaintiff is authorized to execute service of process by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." See Fed. R. Civ. P. 4(e)(1). Service under Texas law is governed by Texas R. Civ. P. 106, which provides for service of process by:

> (1) delivering to the defendant, in person, a copy of the citation, showing the delivery date, and of the petition; or (2) mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition.

See Tex. R. Civ. P. 106(a).

"Texas law authorizes service by registered or certified mail or by personal service. If neither of the two methods authorized by Rule 106(a) is successful, a plaintiff may file a motion, accompanied by a sworn statement, for authorization for alternative service by '(1) [ ] leaving a

copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or (2) [ ] any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.'" Pcgezg, LLC & Fnals, LLC v. Maxben Alt. Ventures I LLC, No. 4:24-CV-01271, 2024 U.S. Dist. LEXIS 222650, at *2 (S.D. Tex. 2024)(internal citations omitted).

The Court "may authorize substituted service only after receiving the required sworn statement and only in a manner that is reasonably calculated to provide notice." Bur-Tex Hosiery, Inc. v. Yunati Shahid, No. 4:24-CV-4900, 2025 U.S. Dist. LEXIS 33293, at *3 (S.D. Tex. 2025). Further, "[t]he Comment to 2020 Change notes that a court may 'permit service of citation electronically by social media, email, or other technology. In determining whether to permit electronic service of process, a court should consider whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology.'" Id. at *3-*4.

Courts in the Southern District of Texas, granting motions for substituted service, have permitted plaintiffs to serve defendants in numerous ways in compliance with Texas R. Civ. P. 106, including via email, text message, certified mail, leaving process with anyone older than the age of sixteen at the defendant's residence, affixing the process to the door of the defendant's residence, and other means that are reasonably likely to provide the defendant with notice of the lawsuit. See, e.g., Pcgezg, LLC & Fnals, LLC, 2024 U.S. Dist. LEXIS 222650, at *4; Bur-Tex Hosiery, Inc., at *5-*9; Innovative Sports Mgmt. v. Reign Nightclub, LLC, No. 7:21-cv-00469, 2022 U.S. Dist. LEXIS 81529, at *5 (S.D. Tex. 2022); Mobile Env't Sols., LLC v. All-Star Inflatables Inc., No. 4:24-CV-4929, 2025 U.S. Dist. LEXIS 33294, at *10 (S.D. Tex. 2025); Keller

Williams Realty, Inc. v. Lapeer, No. CIV.A. 4:08-CV-1292, 2008 WL 2944601, at *2 (S.D. Tex. July 31, 2008).

As discussed herein – and in the Kirshenbaum Decl. and its exhibits – Plaintiffs have provided good cause as to why the present motion should be granted. Plaintiffs have made numerous attempts to serve Cole through ordinary means, including her last known home address. Plaintiffs also hired a private investigator to conduct background research on Cole and her whereabouts, which indicated that Cole continues to reside at the Yorkway Drive address where she has resided for many years. There is at least some reason to believe that Cole may be evading service. Plaintiffs have exhausted their options in attempting to serve Cole using traditional means, and now respectfully request that the Court authorize substituted service on Cole, in order to provide her with notice of this lawsuit.

**WHEREFORE,** Plaintiffs Guillermo Vazquez in his capacity as Administrator of AFSCME Local 1550, and American Federation of State, County & Municipal Employees, AFL-CIO, respectfully move for an Order authorizing substituted service on Defendant Cynthia Cole, including via email at an email address she used to communicate with Plaintiffs' agents as recently as August 2025; regular and certified mail, return receipt requested at both her last known home address and the registered address for her employer, Defendant National Organization for State County Municipal Employees 1550 Association ("NOFSCME"); posting the Summons and Complaint and Pretrial Conference Documents on the door of Cole's last known home address in a plastic protector sleeve; and publication.

## LOCAL RULE 7.1(D) AVERMENT

Plaintiffs hereby certify that, for the reasons set forth herein, they have been unable to confer with Defendant Cole regarding the relief sought through this motion. Accordingly, Plaintiffs cannot state whether Cole opposes this motion.

Dated: Uniondale, New York
January 13, 2026

Max Gershenoff (Attorney-in-Charge)(*Southern District of Texas Federal ID No. 3939464*)
Barry I. Levy (Southern District of Texas Federal ID No. 3939606)
Elan Kirshenbaum (*Southern District of Texas Federal ID No. 3941555*)
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11556
Phone: (516) 357-3000
Facsimile: (516) 357-3333
Max.Gershenoff@rivkin.com
Barry.Levy@rivkin.com
Elan.Kirshenbaum@rivkin.com

*Counsel for Plaintiffs Guillermo Vazquez in his capacity as Administrator of AFSCME Local 1550, and American Federation of State, County & Municipal Employees, AFL-CIO*

**CERTIFICATE OF SERVICE**

Pursuant to Local Rule 5.3 and Federal Rule of Civil Procedure 5(b), I certify that on January 13, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will provide notice and the foregoing document to the counsel of record in this case, and mailed copies of the foregoing document to the *pro se* defendants who have appeared in this Action.

Attorney

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**Case No.: 4:25-cv-05034**

GUILLERMO VAZQUEZ in his capacity as Administrator of AFSCME Local 1550, and AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO,

Plaintiffs,

vs.

CYNTHIA COLE, KAREN DUGAR, SONJA ROSS, ALVERNISE BOYD, and NATIONAL ORGANIZATION FOR STATE COUNTY MUNICIPAL EMPLOYEES 1550 ASSOCIATION,

Defendants.
_______________________________________/

**DECLARATION OF ELAN KIRSHENBAUM IN SUPPORT OF PLAINTIFFS' MOTION FOR SUBSTITUTED SERVICE ON DEFENDANT CYNTHIA COLE**

I, Elan Kirshenbaum, being duly sworn, state as follows:

1. I am an attorney for the Plaintiffs in the above-entitled action, and I am familiar with the file, records, and pleadings in this matter.

2. The Complaint was filed on October 22, 2025.

3. On October 30, 2025, and October 31, 2025, Plaintiffs' process server made two unsuccessful attempts to serve Defendant Cynthia Cole ("Cole") at her last known home address, 20119 Yorkway Drive, Katy, TX 77450. A copy of the process server's Affidavit of Due Diligence for these unsuccessful service attempts is attached hereto as Exhibit "1".

4. On November 11, 2025, and November 12, 2025, Plaintiffs' process server made

two more unsuccessful attempts to serve Cole at another address with which she has been associated, 10903 Highland Meadow Village Drive, Apt. 1416, Houston, TX 77089. A copy of the process server's Affidavit of Due Diligence for these unsuccessful service attempts is attached hereto as Exhibit "2".

5. Plaintiffs also conducted background searches on Cole. It appeared from the background research that Cole has lived at the 20119 Yorkway Drive, Katy, TX 77450 address for over 30 years, and that she continued to reside at this address as recently as late 2025.

6. Plaintiffs asked a new process server to re-attempt service at the 20119 Yorkway Drive, Katy, TX 77450 address. On November 21, 2025, a new process server made an unsuccessful attempt to serve Cole at the 20119 Yorkway Drive, Katy, TX 77450 address, and was told that the previous occupant – apparently Cole – had vacated the premises two months earlier. A copy of the process server's Affidavit of Non-Service for this unsuccessful service attempt is attached hereto as Exhibit "3".

7. Plaintiffs also hired a private investigator to conduct additional background research on Cole and her potential whereabouts. The private investigator reported that Cole apparently continues to reside at the 20119 Yorkway Drive, Katy, TX 77450 address, that no other address has been associated with Cole in the last five years, and that there was no indication that Cole has recently bought another property. However, the private investigator also noted that Cole has never been listed as the owner of the property at the 20119 Yorkway Drive, Katy, TX 77450 address, and Plaintiffs cannot discount the possibility that Cole has temporarily vacated her longtime residence in an attempt to evade service in this action.

8. Plaintiffs have worked diligently to locate Cole for service of process. In addition to conducting numerous searches of public records and Plaintiffs' own records – and, as discussed

more fully above, hiring a private investigator – Plaintiffs conferred with their agents on a frequent basis over the span of several weeks to uncover any addresses that could be linked to Cole. These efforts increased in earnest with each unsuccessful service attempt.

9. Plaintiffs have exhausted their options in attempting to serve Cole using traditional means, and now respectfully ask that the Court authorize substituted service on Cole, in order to provide her with notice of this lawsuit.

I declare under the penalties of perjury that the foregoing is true and correct.

Executed on January 13, 2026.

Attorney

# EXHIBIT “1”

## CAUSE NO. 4:25-cv-05034

| | | |
|---|---|---|
| **GUILLERMO VAZQUEZ IN HIS CAPACITY AS ADMINISTRATOR OF AFSCME LOCAL 1550, AND AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO** | § | **IN THE DISTRICT COURT OF** |
| Plaintiff, | § | |
| **VS.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **CYNTHIA COLE, KAREN DUGAR, SONJA ROSS, ALVERNISE BOYD, NATIONAL ORGANIZATION FOR STATE COUNTY MUNICIPAL EMPLOYEES 1550 ASSOCIATION** | § | |
| Defendant. | § | **UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS** |

## AFFIDAVIT OF DUE DILIGENCE

"The following came to hand on **Oct 30, 2025, 9:18 am**,

**SUMMONS IN A CIVIL ACTION, COMPLAINT.,**

For delivery to CYNTHIA COLE

1) Unsuccessful Attempt: Oct 30, 2025, 4:33 pm CDT at 20119 YORKWAY DRIVE, KATY, TX 77450

House is vacant, empty inside. Plus neighbors said no one has been living at the address

2) Unsuccessful Attempt: Oct 31, 2025, 6:15 pm CDT at 20119 YORKWAY DRIVE, KATY, TX 77450

The residence appeared unoccupied, with no one present inside. A neighbor reported that they have not observed anyone at the address for an extended period.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **Temitokpe Lokossou**, I am at least 18 years old, and my address is **2005 SOUTH MASON ROAD APT 332, KATY, TX 77450**, and **United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **HARRIS** County, State of **TX**, on **November 02, 2025**.

**Temitokpe Lokossou**
**Certification Number: PSC-25651**
**Certification Expiration: 02/28/2027**

# EXHIBIT "2"

**CAUSE NO. 4:25-cv-05034**

| | | |
|---|---|---|
| **GUILLERMO VAZQUEZ IN HIS CAPACITY AS ADMINISTRATOR OF AFSCME LOCAL 1550, AND AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO** | § § | **IN THE COURT OF** |
| Plaintiff, | § | |
| **VS.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **CYNTHIA COLE, KAREN DUGAR, SONJA ROSS, ALVERNISE BOYD, NATIONAL ORGANIZATION FOR STATE COUNTY MUNICIPAL EMPLOYEES 1550 ASSOCIATION** | § | |
| Defendant. | § | **UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS** |

## AFFIDAVIT OF DUE DILIGENCE

"The following came to hand on **Oct 30, 2025, 9:18 am**,

**SUMMONS IN A CIVIL ACTION, COMPLAINT.,**

For delivery to CYNTHIA COLE

1) Unsuccessful Attempt: Nov 11, 2025, 10:41 am CST at 10903 HIGHLAND MEADOW VILLAGE DRIVE APT #1416, HOUSTON, TX 77089

There was no answer at the door. I left a note on the door for the defendant to call me to schedule the delivery of legal documents.

2) Unsuccessful Attempt: Nov 12, 2025, 5:04 pm CST at 10903 HIGHLAND MEADOW VILLAGE DRIVE APT #1416, HOUSTON, TX 77089

A female voice behind a closed door said the defendant is unknown and does not live here. I checked with Selena in the leasing office, and she confirmed that the defendant is not a resident of this complex.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of Texas. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

My name is **James McDonald** , I am at least 18 years old, and my address is **P O BOX 75387, HOUSTON, TX 77234**, and **United States of America**. I declare under penalty of perjury that the foregoing is true and correct.

Executed in **HARRIS** County, State of **TX**, on **November 12, 2025**.

**James McDonald**
**PSC-15037**
**EXP:05/31/2026**

# EXHIBIT “3”

AO 440 (Rev. 06/12) SUMMONS IN A CIVIL ACTION, COMPLAINT, ORDER SETTING CONFERENCE, JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(F) FEDERAL RULES OF CIVIL PROCEDURE, CIVIL PROCEDURES (Page 2)

Civil Action No. 4:25-cv-05034

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* CYNTHIA COLE was received by me on *(date)* Oct 30, 2025, 9:18 am.

☐ I personally served the summons and order on the individual at *(place)* __________ on *(date)* __________ ; or

☐ I left the summons and order at the individual's residence or usual place of abode __________ , a with *(name)* person of suitable age and discretion who resides there, on *(date)* __________ , and mailed a copy to the individual's last known address; or

☐ I served the summons and order on *(name of individual)* of process on behalf of *(name of organization)* __________ , who is designated by law to accept service __________ on *(date)* __________ ; or

☒ I returned the summons and order unexecuted because: I met a male Hispanic 50-60,years, 5'8-5'10, 200-240 with a brown hair working and remodeling inside the building, I asked for the subject (CYNTHIA COLE), he said he doesn't know who that was but the person that was living here moved out 2 months ago, that it was the new person that gave him the job to do. He said the name is not Cynthia Cole and he doesn't know who or where Cynthia Cole is. I went to the neighbors house but no response. ; or

☐ Other: __________ ; or

My fees are $ __________ for travel and $ __________ for services, for a total of $ __________.

I declare under penalty of perjury that this information is true.

Date: 11/24/2025

[signature]

*Server's signature*

Olatunji Kadiri PSC-25933

*Printed name and title*

7835 INGLEWOOD CREEK TRL, RICHMOND, TX 77407

*Server's address*

Additional information regarding attempted service, etc.:
1) Unsuccessful Attempt: Nov 21, 2025, 12:12 pm CST at 20119 YORKWAY DRIVE, KATY, TX 77450
I met a male Hispanic 50-60,years, 5'8-5'10, 200-240 with brown hair, working and remodeling inside the residence, I asked for the subject (CYNTHIA COLE), he said he doesn't know who that was but the resident that used to reside in this address moved out 2 months ago, and that it was the new tenant who gave him this job to do. He said the name is not Cynthia Cole and he doesn't know who or where Cynthia Cole is. I went to the neighbors house but no response.

Case 4:25-cv-05034 Document 57 Filed 01/13/26 in TXSD Page 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**Case No.: 4:25-cv-05034**

GUILLERMO VAZQUEZ in his capacity as Administrator of AFSCME Local 1550, and AMERICAN FEDERATION OF STATE, COUNTY & MUNICIPAL EMPLOYEES, AFL-CIO,

Plaintiffs,

vs.

CYNTHIA COLE, KAREN DUGAR, SONJA ROSS, ALVERNISE BOYD, and NATIONAL ORGANIZATION FOR STATE COUNTY MUNICIPAL EMPLOYEES 1550 ASSOCIATION,

Defendants.
_________________________________________/

**PROPOSED ORDER GRANTING PLAINTIFFS' MOTION FOR SUBSTITUTED SERVICE ON DEFENDANT CYNTHIA COLE**

**THIS CAUSE,** before the Court on Plaintiffs' motion (the "Motion") for substituted service on Defendant Cynthia Cole:

The Court has reviewed the Motion and it is hereby

**ORDERED** and **ADJUDGED** that:

1. The Motion is **GRANTED**.

2. Plaintiffs are hereby authorized to serve Defendant Cynthia Cole via:

    a. Email at an email address Cynthia Cole used to communicate with Plaintiffs' agents as recently as August 2025;

    b. Regular and certified mail, return receipt requested at both Cynthia Cole's last known home address and the registered address for her employer, Defendant National Organization for State County Municipal

Employees 1550 Association ("NOFSCME");

c. Posting the process on the door of Cynthia Cole's last known home address in a plastic protector sleeve; and

d. Publication.

**DONE** and **ORDERED** in Chambers in Houston, Texas, this ____ day of _______________, 2026.

______________________________
ANDREW S. HANEN
DISTRICT COURT JUDGE