# EXHIBIT "4"

# EXHIBIT "4"

# LEGAL NOTICES

HoustonChronicle.com/Place-Legals legals@chron.com 713.362.6868

## Notice to Creditors

NOTICE TO CREDITORS AD

$99.00

Contact our team:
legals@chron.com
OR

Visit our 24/7 website to place, anytime:
HoustonChronicle.com/Place-Legals

*Includes first 36 lines and 1 Affidavit of Publication. $2.00 each additional line.*

NOTICE TO BIDDERS

The Metropolitan Transit Authority of Harris County, Texas (METRO) is planning to issue the procurement documents listed in this advertisement.

**IFB No. 2026000001:** Articulating Crane Truck. Solicitation will be available on or about 06/08/2026.

**RFP No. 2026000013:** Chemical Release Emergency Response. Solicitation will be available on or about 06/08/2026.

Prospective proposers can view and download these solicitations by visiting METRO's website at ridemetro.org/Open Procurements

If you are unable to download the documents or are having difficulty, please contact 713-615-6125 or email Contracts/Property Services at propertyservices@ridemetro.org.
IPLHOU0145316

You voted
chron.com/best

HOUSTON★CHRONICLE
BEST OF THE BEST
HOUSTON

## Legal Bids & Proposals

**NOTICE TO BIDDERS**
**The Metropolitan Transit Authority of Harris County, Texas (METRO) is planning to issue the procurement documents listed in this advertisement.**

**IFB No. 2026000010: 87 Octane Unleaded Fuel Transportation Services.** Solicitation will be available on or about 06/15/2026.

Prospective proposers can view and download these solicitations by visiting METRO's website at ridemetro.org/Open Procurements

If you are unable to download the documents or are having difficulty, please contact 713-739-6886 or email Contracts/Property Services at propertyservices@ridemetro.org.
IPLHOU0146813

**REQUEST FOR COMPETITIVE SEALED PROPOSALS**

**2025 VIRTUAL PATHWAYS CAMPUS**
**CYPRESS-FAIRBANKS INDEPENDENT SCHOOL DISTRICT**
**Cypress-Fairbanks ISD Proposal No. 25-11-5758-R-RFP**

The Cypress-Fairbanks Independent School District will accept Base Competitive Sealed Proposals until 2:00 P.M. and Alternate CompetitiveSealed Proposals until 3:00 P.M. on Tuesday, July 7, 2026, at the Cypress Fairbanks Independent School District Facilities, Planning & Construction Office, 11430-B Perry Road, Houston, Texas 77064 for the 2025 Virtual Pathways Campus project. A Pre-Proposal Conference will be held Wednesday, June 24, 2026, at 10:00 A.M. at the above location. A site walk for the campus will be held immediately following the Pre-Proposal Conference (22602 Hempstead Highway, Cypress, TX 77429). Proposal Evaluation Criteria are published in the "Instructions to Offerors" section of the proposal documents. Plans and specifications will be released Monday, June 22, 2026, and are available to general contractors from the following address upon deposit of $100.00 per set: PBK Architects, Inc., 11 Greenway Plaza, 22nd Floor, Houston, Texas 77046, 713-965-0608. The Owner reserves the right to waive any informalities and to reject any or all proposals.
IPLHOU0144895

REQUEST FOR SEALED PROPOSALS

Housing Alliance HTX is soliciting sealed proposals from qualified firms for the following services:
- Armed Security Services
- Unarmed Security Services

Proposal documents, requirements, and submission instructions are available at: jallenmanagement.com/bid-opportunities

Sealed proposals are due no later than June 22, 2026.
IPLHOU0146306

The BIGGEST audience IN Houston.

Place a digital ad today.
chron.com/advertise
HOUSTON★CHRONICLE

## Citation by Publication

**THE STATE OF TEXAS**

To: Defendant Cynthia Cole

United States District Court for the Southern District of Texas
515 Rusk Avenue, Houston, TX 77002

CASE #: 4:25-cv-05034

**Guillermo Vazquez, in his capacity as Administrator of AFSCME Local 1550, and American Federation of State, County & Municipal Employees, AFL-CIO,**

**Plaintiffs,**

**v.**

**Cynthia Cole, Karen Dugar, Sonja Ross, Alvernise Boyd, and National Organization for State County Municipal Employees 1550 Association,**

**Defendants.**

This action seeks to recover more than $450,000.00 that Defendants obtained through repeated acts of embezzlement and conversion of union assets in violation of 29 U.S.C. § 501(c), mail fraud, bank fraud, and breaches of fiduciary duty in violation of 29 U.S.C. § 501(a).

Counsel for Plaintiffs:
Barry I. Levy, Esq. • Max Gershenoff, Esq. • Elan Kirshenbaum, Esq.
RIVKIN RADLER LLP
926 RXR Plaza, Uniondale, NY 11556
(516) 357-3000
Barry.Levy@rivkin.com • Max.Gershenoff@rivkin.com • Elan.Kirshenbaum@rivkin.com

Petition Filed: October 22, 2025
Citation Issued: May 14, 2026 (Court Order Granting Motion for Substituted Service via Publication)

Rhonda Hawkins, Case Manager
United States District Clerk's Office,
United States Courthouse
515 Rusk Street, Room 9110, Houston, TX 77002
(713) 250-5518

**You have been sued. You may retain an attorney. Failure to file a written answer to the petition on or before Monday, August 24, 2026, at 10:00 AM may result in a default judgment entered against you, Cynthia Cole. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.**

**You are commanded to appear in this case and file an answer on or before: Monday, August 24, 2026, at 10:00 AM**
IPLHOU0146910

## Citation by Publication

CAUSE NUMBER: 202625118

PLAINTIFF: FEDERAL HOME LOAN MORTGAGE CORPORATION
VS.
DEFENDANT: APPLEGATE , OLGA

In the 129th
Judicial District
Harris County, Texas

CITATION BY PUBLICATION

THE STATE OF TEXAS County of Harris

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 42 days after the date this citation was issued, a default judgment may be taken against you."

**To: UNKNOWN HEIRS AT LAW OF OLGA APPLEGATE, DECEASSED**

YOU ARE HEREBY COMMANDED to be and appear before the 129th Judicial District Court of Harris County, Texas in the Courthouse in the City of Houston, Texas at or before 10:00 o'clock A.M., Monday, 6th day of July, 2026, being the Monday next after the expiration date of forty-two days after this citation is issued, and you are hereby commanded and required then and there to appear and file written answer to the Petition, filed in said Court on April 15, 2026, in a suit numbered 202625118 on the docket of said court, wherein Federal Home Loan Mortgage Corporation, as Trustee of the Freddie Mac SLST 2025-2 Participation Interest Trust, Plaintiff, v. Olga Applegate and The Heirs at Law of Olga Applegate, Deceased, Defendants.

**The Petition seeks an order to foreclose the lien on the property an assert a claim to the property located at 19111 Atasca Oaks Drive, Kingwood, TX 77346 and legally described as: Lot Seven (7), Block Three (3) Of Parkside At Kingwood Glen, An Addition In Harris County, Texas, According To The Map Or Plat Thereof Recorded In Flim Code No. 453041, Of The Map Records Of Harris County, Texas.**

GIVEN UNDER MY HAND AND SEAL OF SAID COURT at Houston, Texas this 22nd day of May, 2026.

(SEAL)

**Joshua Hall** District Clerk Signature & Seal

Issued at the request of: LOGS Legal Group LLP – Counsel for Plaintiff Address: 13105 Northwest Freeway, Suite 960, Houston, TX 77040 (Clerk info)

Newspaper: HOUSTON CHRONICLE
IPLHOU0145650

## Legals/Public Notices

Texas Department of Transportation

**Texas Department of Transportation**
**SH 99 Grand Parkway Segment B-1**
**Project Disclosure of Financial Information**

**Disclosure of Financial Information:**

Pursuant to the authority granted under Texas Transportation Code, Chapter 223, Subchapter F, the Texas Department of Transportation (TxDOT) solicited proposals and has recommended a proposer for award of a Design-Build Contract (DBC) and associated Capital Maintenance Contract (CMC) for a portion of the Project described herein.

As required by Texas Transportation Code, Chapter 371, Subchapter D, TxDOT is publishing financial information regarding the Project and providing notice of a public hearing to receive comments concerning such financial disclosure for the Project described herein.

The Project consists of improvements within Segment B-1 of State Highway (SH) 99 (Grand Parkway) in Brazoria and Galveston Counties, including approximately 15 miles of new tolled and non-tolled lanes and operational improvements along SH 35 in Brazoria County. The project is divided into three elements, the "SH 99" portion, the "SH 35 Bypass" portion, and the "SH 99/Interstate 45 (I-45) Interchange" portion.

The SH 99 and the SH 35 Bypass portions of the Project are anticipated to be delivered pursuant to the DBC and CMC and consist of an approximately 14-mile, four-lane toll facility (two lanes in each direction) extending from Farm to Market (FM) 2403 to FM 646, together with approximately 5.9 miles of non-tolled operational improvements along existing SH 35 from south of FM 2403 to Victory Lane. The SH 35 Bypass portion of the Project consists of approximately 1.4 miles of the 5.9 miles of non-tolled operational improvements along SH 35 from Steele Road to Victory Lane. The SH 99/I-45 Interchange portion includes the design and construction of four direct connectors at the SH 99/I-45 Interchange, which are anticipated to be delivered through a separate design-bid-build procurement. Collectively, the foregoing improvements constitute the Project for purposes of this disclosure.

On April 30, 2026, by Minute Order No. 117165, the Texas Transportation Commission (TTC) determined that the proposal submitted by Ferrovial Construction-Webber 99 Joint-Venture (JV) (DB Contractor) provided the apparent best value to TxDOT and authorized TxDOT to commence and complete negotiations necessary to finalize the DBC and CMC.

Construction under the DBC is anticipated to commence in late 2026 and reach substantial completion in winter 2031/2032. TxDOT will be the contracting party to the DBC and CMC and will retain ownership of the Project roadway and associated right of way. The Project includes improvements that are anticipated to be operated and maintained by different entities. TxDOT and the Grand Parkway Transportation Corporation (GPTC), a public nonprofit Texas corporation created by and authorized by the TTC to design, construct, reconstruct, expand, operate, and maintain portions of SH 99, are negotiating a Project Agreement that will establish the respective rights, responsibilities, and obligations of TxDOT and GPTC with respect to the Project, including the operation and maintenance of certain Project facilities and the collection of toll revenues from the tolled portions of the Project.

The SH 35 Bypass improvements are anticipated to remain under TxDOT's responsibility and are not expected to be operated or maintained by GPTC. The direct connectors at the SH 99/I-45 Interchange are anticipated to be delivered through a separate design-bid-build procurement.

Project Financing. GPTC anticipates financing the SH 99 and the SH 99/I-45 Interchange portions of the Project through the issuance of the toll revenue bonds, notes and a loan under the Transportation Infrastructure Finance and Innovation Act (TIFIA). The total amount of debt that has been or will be assumed by GPTC to acquire right of way, design, construct, and finance the GPTC-financed portions of the Project is projected to be approximately $2.2 billion. The projected amount of interest that will be paid on the debt is estimated at $4.2 billion. The debt for the SH 99 and the SH 99/I-45 Interchange is anticipated to be repaid with toll revenues over a 39.5-year term. Any financing by GPTC of the SH 99 and the SH 99/I-45 Interchange will be subject to the covenants, restrictions and conditions of the existing financing documents approved by GPTC in connection with its outstanding debt obligations.

TxDOT intends to fund the SH 35 Bypass portion of the Project through the State Highway Fund.

Duration of Tolling. GPTC will collect tolls on Segment B-1 to offset the acquisition, design, and construction debt cost. Tolling is anticipated to continue after the debt is repaid.

Method for Setting Toll Rates. The initial toll rates and annual escalation policy for Segment B-1 were adopted by the TTC by Minute Order 117182 dated April 30, 2026. The toll rates and escalation policy are in accordance with the Market Valuation Waiver Agreement (MVWA) for the Grand Parkway. The MVWA was entered into by Brazoria County, Chambers County, Fort Bend County, Galveston County, Harris County, Montgomery County, Liberty County and TxDOT and provides the terms and conditions for the development, construction, and operation of the Grand Parkway. In accordance with the MVWA, the toll rates for all segments of the Grand Parkway will not exceed the average per-mile rates set in the current policy of the Harris County toll road system and the toll rate escalation methodology will be as set forth in Harris County's tolling policy in effect at the time.

Competing Facilities. There are no terms in the DBC related to competing facilities and there are no penalties associated with their construction.

Termination for Convenience. TxDOT has the right to terminate the DBC at any time without cause. If TxDOT elects to exercise this right, TxDOT must pay the DB Contractor for the design and construction work already performed under the DBC, the costs of terminating subcontracts, and certain out of pocket costs incurred by the DB Contractor. TxDOT has the right to terminate the CMC for convenience at any time without cause. If TxDOT elects to exercise this right, TxDOT must pay the DB Contractor for services performed under the CMC, plus costs of terminating subcontracts and certain settlement costs. In addition, TxDOT has the right to elect not to implement the second or third five-year CMC term and will not incur any termination costs in the event of such election. TxDOT may also terminate the CMC at the conclusion of the first year of the initial five-year CMC term without financial penalty.

Toll Rates. Based on the demand projections, it is estimated that the two-axle vehicle tag toll rates per mile will be as follows:

**Table 1 - Toll Rates for Grand Parkway Segment B-1**

| Project Status | Year | Estimated $/mile |
|---|---|---|
| Commencement of Traffic | 2032 | $0.279 |
| End of 1st Term CMC | 2037 | $0.308 |
| End of 2nd Term CMC | 2042 | $0.340 |
| End of 3rd Term CMC | 2047 | $0.375 |

Methodology for increasing toll rates. Toll rates will be static (not changing based on traffic conditions) and increase based on the adopted escalation policy. The current policy calls for annual escalation of the toll rates based on the higher of 2% or the most recently published non-revised index of Consumer Prices for Urban Wage Earners and Clerical Workers.

Concession Payments. There will be no concession payments.

Public Hearings. TxDOT will hold two public hearings concerning this disclosure of financial information for the toll project. Hearings will be held at the following dates, times, and locations: Monday, June 22, 2026 from 5:00 p.m. – 7:00 p.m. at Galveston County Courthouse, 722 Moody Avenue (21st Street), Galveston, Texas 77550; Wednesday, June 24, 2026 from 5:00 p.m. – 7:00 p.m. at City of Angleton City Council Chambers, 120 S. Chenango St., Angleton, Texas 77515. Questions and comments concerning the financial information will be accepted by TxDOT at the public hearing.

Questions and comments may also be submitted to the department by U.S. mail addressed to Matthew C. Connelly, P.E., Texas Department of Transportation, 7600 Washington Avenue, Houston, Texas 77007; or by emailing written comments to HOU-PIOWebMail_txdot.gov with subject line "SH 99 Segment B-1". These comments will be accepted until 5 p.m., Thursday, July 2, 2026. Copies of the DBC will be made available for viewing at the public hearing, at TxDOT's Houston District office located at 7600 Washington Avenue, Houston, Texas 77007 and can be accessed on TxDOT's website at https://www.txdot.gov/business/road-bridge-maintenance/alternative-delivery/sh99-grand-parkway-segb1/rfp.html. Copies of the DBC also may be purchased from TxDOT's Houston District office at the cost of reproduction. TxDOT will consider all properly submitted questions and comments and will prepare a summary and analysis of the comments received. The summary and analysis will be posted on TxDOT's website and made available upon request. Persons interested in attending any of the hearings who have special communication or accommodation needs are encouraged to contact Kenneth Shirley at the TxDOT Houston District at (936) 641-7240.

Requests should be made at least 72 hours prior to the public hearing. Because the public hearings will be conducted in English, any requests for language interpreters or other special communication needs should also be made at least 72 hours prior to the public hearing. TxDOT will make every reasonable effort to accommodate these needs.

## Legals/Public Notices

Texas Department of Transportation

**Departamento de Transporte de Texas**
**SH 99 Grand Parkway, Segmento B-1**
**Divulgación de información financiera del proyecto**

**Divulgación de información financiera:**

Conforme a la autoridad otorgada por el Código de Transporte de Texas, Capítulo 223, Subcapítulo F, el Departamento de Transporte de Texas (TxDOT, por sus siglas en inglés) solicitó propuestas y ha recomendado a un proponente para la adjudicación de un contrato de diseño y construcción (DBC, por sus siglas en inglés) y el contrato de mantenimiento de capital (CMC, por sus siglas en inglés) asociado para una porción del proyecto aquí descrito.

Conforme a los requisitos del Código de Transporte de Texas, Capítulo 371, Subcapítulo D, TxDOT está publicando información financiera relativa al Proyecto y notificando la realización de una audiencia pública para recibir comentarios sobre dicha divulgación financiera del Proyecto aquí descrito.

El proyecto consiste en mejoras en el segmento B-1 de la carretera estatal (SH) 99 (Grand Parkway) en los condados de Brazoria y Galveston, lo que incluye aproximadamente 15 millas de nuevos carriles con y sin peaje, así como mejoras operativas a lo largo de la SH 35 en el condado de Brazoria. El proyecto se divide en tres elementos: la parte de la "SH 99", la parte de la "Circunvalación de la SH 35" y la parte del "Intercambiador de la SH 99/Interestatal 45 (I-45)".

Se anticipa que las partes del proyecto correspondientes a la SH 99 y a la Circunvalación de la SH 35 se realizarán conforme al DBC y al CMC, y consisten en aproximadamente 14 millas de infraestructura de peaje de cuatro carriles (dos carriles en cada sentido) que se extienden desde Farm to Market (FM) 2403 hasta FM 646, junto con aproximadamente 5,9 millas de mejoras operativas sin peaje a lo largo de la SH 35 existente desde el sur de FM 2403 hasta Victory Lane. La parte del Proyecto correspondiente a la circunvalación de la SH 35 consiste en aproximadamente 1,4 millas de las 5,9 millas de mejoras operativas sin peaje a lo largo de la SH 35 desde Steele Road hasta Victory Lane. La parte del intercambio SH 99/I-45 incluye el diseño y la construcción de cuatro conectores directos en el intercambio SH 99/I-45, cuya ejecución se anticipa mediante un proceso de contratación independiente de diseño-licitación-construcción. En conjunto, las mejoras mencionadas constituyen el Proyecto para los fines de esta divulgación.

El 30 de abril de 2026, mediante la Orden Minuta n.º 117165, la Comisión de Transporte de Texas (TTC) determinó que la propuesta presentada por la unión temporal de empresas (UTE) Ferrovial Construction-Webber 99 (contratista del DBC) ofrecía la mejor relación calidad-precio aparente para TxDOT y autorizó a TxDOT a iniciar y llevar a cabo las negociaciones necesarias para formalizar el DBC y el CMC.

Se anticipa que la construcción conforme al DBC comience a finales de 2026 y alcance su finalización sustancial en el invierno de 2031/2032. TxDOT será la parte contratante del DBC y el CMC y conservará la propiedad de la carretera del Proyecto y los derechos de vía asociados. El Proyecto incluye mejoras que se anticipa que serán operadas y mantenidas por diferentes entidades. TxDOT y la Grand Parkway Transportation Corporation (GPTC), una corporación pública sin fines de lucro de Texas creada y autorizada por la TTC para diseñar, construir, reconstruir, ampliar, operar y mantener tramos de la SH 99, están negociando un Acuerdo del Proyecto que establecerá los respectivos derechos, responsabilidades y obligaciones de TxDOT y GPTC con respecto al Proyecto, incluyendo la operación y el mantenimiento de ciertas instalaciones del Proyecto y la recaudación de ingresos por peaje de los segmentos del Proyecto sujetos a peaje.

Se anticipa que las mejoras de la circunvalación SH 35 seguirán siendo responsabilidad del TxDOT y no se espera que la GPTC se encargue de su operación ni de su mantenimiento. Se estima que los enlaces directos en el cruce de la SH 99 y la I-45 se llevarán a cabo mediante un proceso de contratación separado de diseño, licitación y construcción.

Financiamiento del proyecto. GPTC anticipa financiar los segmentos SH 99 y el cruce SH 99/I-45 del proyecto mediante la emisión de bonos y notas de ingresos por peaje, así como un préstamo conforme a la Ley de Financiamiento e Innovación de Infraestructura de Transporte (TIFIA). Se estima que el monto total de la deuda que ha asumido o asumirá GPTC para adquirir los derechos de vía, diseño, construcción y financiamiento de las partes del proyecto financiadas por GPTC será de aproximadamente $2.200 millones. El monto proyectado de los intereses que se pagarán por la deuda se estima en $4.200 millones. Se anticipa que la deuda correspondiente a la SH 99 y al Intercambiador SH 99/I-45 se pagará con los ingresos por peaje durante un plazo de 39,5 años. Cualquier financiamiento por parte de GPTC de la SH 99 y del Intercambiador SH 99/I-45 estará sujeto a los convenios, restricciones y condiciones de los documentos de financiamiento existentes aprobados por GPTC en relación con sus obligaciones de deuda pendientes.

TxDOT tiene la intención de financiar la parte del proyecto correspondiente a la circunvalación de la SH 35 a través del Fondo Estatal de Carreteras.

Duración del peaje. GPTC recaudará peajes en el segmento B-1 para compensar los costos de la deuda incurrida en la adquisición, el diseño y la construcción. Se anticipa que el peaje continuará después de que se haya pagado la deuda.

Método para fijar las tarifas de peaje. Las tarifas iniciales de peaje y la política de ajuste anual para el segmento B-1 fueron aprobadas por la TTC mediante la Orden Minuta n.º 117182, de fecha 30 de abril de 2026. Las tarifas de peaje y la política de ajuste se ajustan al Acuerdo de Exención de Valoración de Mercado (MVWA) para la Grand Parkway. El MVWA fue firmado por los condados de Brazoria, Chambers, Fort Bend, Galveston, Harris, Montgomery y Liberty, y por TxDOT, y establece los términos y condiciones para el desarrollo, la construcción y la operación de la Grand Parkway. Conforme al MVWA, las tarifas de peaje para todos los segmentos de Grand Parkway no excederán las tarifas promedio por milla establecidas en la política actual del sistema de carreteras de peaje del condado de Harris, y la metodología de escalación de tarifas de peaje será la establecida en la política de peaje del condado de Harris vigente en ese momento.

Facilidades competidoras. El DBC no contiene términos relacionados con las facilidades competidoras y no se aplican penalizaciones por su construcción.

Rescisión por conveniencia. TxDOT tiene derecho a rescindir el DBC en cualquier momento sin necesidad de justificación. Si TxDOT decide ejercer este derecho, deberá pagar al contratista DB por los trabajos de diseño y construcción ya realizados conforme al DBC, los costos de rescisión de los subcontratos y ciertos gastos incurridos por el contratista DB. TxDOT tiene derecho a rescindir el CMC por conveniencia en cualquier momento sin causa justificada. Si TxDOT decide ejercer este derecho, deberá pagar al contratista DB por los servicios prestados en virtud del CMC, más los costos de rescisión de los subcontratos y ciertos costos de liquidación. Además, TxDOT tiene derecho a optar por no implementar el segundo o tercer plazo de cinco años del CMC y no incurrirá en ningún costo de rescisión en caso de tal elección. TxDOT también puede rescindir el CMC al término del primer año del plazo inicial de cinco años del CMC sin penalización financiera.

Tarifas de peaje. Con base en las proyecciones de demanda, se estima que las tarifas de peaje por milla para los vehículos de dos ejes serán las siguientes:

**Tabla 1 - Tarifas de peaje del segmento B-1 de la Grand Parkway**

| Estado del proyecto | Año | Costo estimado por milla |
|---|---|---|
| Comienzo del tráfico | 2032 | $0.279 |
| Fin del primer periodo del CMC | 2037 | $0.308 |
| Fin del segundo periodo del CMC | 2042 | $0.340 |
| Fin del tercer periodo del CMC | 2047 | $0.375 |

Metodología para el aumento de las tarifas de peaje. Las tarifas de peaje serán fijas (sin cambios en función de las condiciones del tráfico) y aumentarán según la política de revalorización adoptada. La política actual exige una revalorización anual de las tarifas de peaje basada en el 2% o en el índice de precios al consumo para asalariados urbanos y empleados administrativos más recientemente publicado y no revisado, el que sea más alto.

Pagos de concesión. No habrá pagos de concesión.

Audiencias públicas. TxDOT llevará a cabo dos audiencias públicas en relación con esta divulgación de información financiera sobre el proyecto de peaje. Las audiencias se llevarán a cabo en las siguientes fechas, horas y lugares: lunes, 22 de junio de 2026, de 5:00 p.m. – 7:00 p.m. en el Galveston County Courthouse, 722 Moody Avenue (21st Street), Galveston, Texas 77550; miércoles, 24 de junio de 2026 de 5:00 p.m. – 7:00 p.m. en el City of Angleton City Council Chambers, 120 S. Chenango St., Angleton, Texas 77515. TxDOT aceptará preguntas y comentarios sobre la información financiera durante la audiencia pública.

Las preguntas y comentarios también pueden enviarse al departamento por correo postal a nombre de Matthew C. Connelly, P.E., Departamento de Transporte de Texas, 7600 Washington Avenue, Houston, Texas 77007; o enviando los comentarios por correo electrónico a HOU-PIOWebMail@txdot.gov con el asunto "SH 99 Segmento B-1". Estos comentarios se aceptarán hasta las 5 p. m. del jueves 2 de julio de 2026. Copias del DBC estarán disponibles para su consulta en la audiencia pública, en la oficina del Distrito de Houston del TxDOT, situada en 7600 Washington Avenue, Houston, Texas 77007, y se podrá acceder a ellas en el sitio web del TxDOT en https://www.txdot.gov/business/road-bridge-maintenance/alternative-delivery/sh99-grand-parkway-segb1/rfp.html. También se pueden adquirir copias del DBC en la oficina del Distrito de Houston de TxDOT al coste de reproducción. TxDOT considerará todas las preguntas y comentarios presentados debidamente y preparará un resumen y un análisis de los comentarios recibidos. El resumen y el análisis se publicarán en el sitio web de TxDOT y estarán disponibles previa solicitud. Se recomienda a las personas interesadas en asistir a cualquiera de las audiencias que tengan necesidades especiales de comunicación o adaptación que se pongan en contacto con Kenneth Shirley en el Distrito de Houston del TxDOT, llamando al (936) 641-7240.

Las solicitudes deben presentarse al menos 72 horas antes de la audiencia pública. Dado que las audiencias públicas se llevarán a cabo en inglés, cualquier solicitud de intérpretes u otras necesidades especiales de comunicación también deben presentarse al menos 72 horas antes de la audiencia pública. TxDOT realizará todos los esfuerzos razonables para satisfacer estas necesidades.

# LEGAL NOTICES

HoustonChronicle.com/Place-Legals legals@chron.com 713.362.6868

## Notice to Creditors

NOTICE TO CREDITORS
Notice is given that original Letters of Administration for the Estate of Terry Bruce Smith were issued on May 26, 2026, in Docket No. 537201, pending in the Statutory Probate Court Number 3 of Harris County, Texas, to Suay Smith, Administrator of the Estate. All persons having claims against this Estate, which is presently being administered, are required to submit them, within the time and manner prescribed by law, and before the estate is closed, addressed as follows:
Suay Smith
Administrator of the Estate of Terry Bruce Smith
c/o Chris Peterson
422 Tarrow Street, College Station, Texas 77840

Dated the 9 of June, 2026

Chris Peterson
State Bar No. 00797239
979-703-7014
Attorney for Administrator of the Estate of Terry Bruce Smith
IPLHOU0146775


**NOTICE TO CREDITORS AD**

**$99.00**

Contact our team:
**legals@chron.com**
OR
Visit our 24/7 website to place, anytime:
**HoustonChronicle.com/Place-Legals**

**Includes first 36 lines and 1 Affidavit of Publication. $2.00 each additional line.*


## TABC Notices

**NOTICE OF APPLICATION FOR A MIXED BEVERAGE PERMIT Notice is hereby given that Racks Pool Hall LLC DBA - El Ocho Cafe and Bar, has applied for a Mixed Beverage Permit from the Texas Alcoholic Beverage Commission. The business will be located at: 4826 E. Mt. Houston Road Houston, Harris County, Texas 77093. The members/ own-ers of said business are: Jose Cuevas (owner), Ben DeAnda (owner), Fernando Garza (owner).**
IPLHOU0146564


Chron
Breaking news at Chron.com


## Legal Bids & Proposals

**REQUEST FOR COMPETITIVE SEALED PROPOSALS**

**2025 VIRTUAL PATHWAYS CAMPUS**
**CYPRESS-FAIRBANKS INDEPENDENT SCHOOL DISTRICT**
**Cypress-Fairbanks ISD Proposal No. 25-11-5758-R-RFP**

The Cypress-Fairbanks Independent School District will accept Base Competitive Sealed Proposals until 2:00 P.M. and Alternate CompetitiveSealed Proposals until 3:00 P.M. on Tuesday, July 7, 2026, at the Cypress Fairbanks Independent School District Facilities, Planning & Construction Office, 11430-B Perry Road, Houston, Texas 77064 for the 2025 Virtual Pathways Campus project. A Pre-Proposal Conference will be held Wednesday, June 24, 2026, at 10:00 A.M. at the above location. A site walk for the campus will be held immediately following the Pre-Proposal Conference (22602 Hempstead Highway, Cypress, TX 77429). Proposal Evaluation Criteria are published in the "Instructions to Offerors" section of the proposal documents. Plans and specifications will be released Monday, June 22, 2026, and are available to general contractors from the following address upon deposit of $100.00 per set: PBK Architects, Inc., 11 Greenway Plaza, 22nd Floor, Houston, Texas 77046, 713-965-0608. The Owner reserves the right to waive any informalities and to reject any or all proposals.
IPLHOU0144895

**NOTICE TO BIDDERS**
**The Metropolitan Transit Authority of Harris County, Texas (METRO) is planning to issue the procurement documents listed in this advertisement.**

**IFB No. 2026000010: 87 Octane Unleaded Fuel Transportation Services.** Solicitation will be available on or about 06/15/2026.

Prospective proposers can view and download these solicitations by visiting METRO's website at ridemetro.org/Open Procurements

If you are unable to download the documents or are having difficulty, please contact 713-739-6886 or email Contracts/Property Services at propertyservices@ridemetro.org.
IPLHOU0146813

Galena Park Independent School District ("GPISD" or "the "District") is soliciting proposals for **CSP 26-202 Concrete Work**. Details are more fully set out in the Competitive Sealed Proposals ("CSP"). The submission deadline will be **Monday, July 13, 2026 @ 2:00PM CST** at the GPISD Admin Building, Purchasing Department, located at 14705 Woodforest Blvd., Houston, TX 77015.

Additional information may be obtained at GPISD eBid system https://galenaparkisd.ionwave.net/Login.aspx or by contacting the Purchasing Department at purchasing@galenaparkisd.com.

Galena Park ISD reserves the right to reject any or all proposals.
IPLHOU0147126

AAMA is asking for Request for Proposal on janitorial services. AAMA is a Non profit, we are known for helping the community and for our education services dating back for more than 50 years. We have several sites around Houston and the surrounding areas.

To receive the R.F.P. contact Joe Esquivel at: jeesquivel@aama.org
IPLHOU0147589

Galena Park Independent School District ("GPISD" or "the "District") is soliciting proposals for **RFP 26-011 Telehealth Services**. Details are more fully set out in the Request for Proposals ("RFP"). The submission deadline will be **Tuesday, July 14, 2026 at 2:00 PM CST** at the GPISD Admin Bldg. Purchasing Department, located at 14705 Woodforest Blvd., Houston, TX 77015 and through the GPISD eBid system https://galenaparkisd.ionwave.net/Login.aspx.
IPLHOU0146541

REQUEST FOR SEALED PROPOSALS

Housing Alliance HTX is soliciting sealed proposals from qualified firms for the following services:
- Armed Security Services
- Unarmed Security Services

Proposal documents, requirements, and submission instructions are available at: jallenmanagement.com/bid-opportunities

Sealed proposals are due no later than June 22, 2026.
IPLHOU0146306

## Notice to Creditors

Notice to Creditors
Letters of Testamentary for the Estate of Adolphus Gray, Deceased, were issued on May 5,2026, in Docket number 541085, pending in Probate Court number 2 of Harris County, Texas to Independent Executor, Stacey Wallace.
Claims may be sent to:
Stacey Wallace
Estate Of Adolphus Gray
12214 Brook Meadows Lane
Meadows Place, TX 77477
All persons having claims against this Estate are required to present them within the time and manner prescribed by law.
Dated June 18, 2026
IPLHOU0147827

## Citation by Publication

CAUSE NUMBER: 202625118

PLAINTIFF: FEDERAL HOME LOAN MORTGAGE CORPORATION
VS.
DEFENDANT: APPLEGATE , OLGA

In the 129th
Judicial District
Harris County, Texas

CITATION BY PUBLICATION

THE STATE OF TEXAS County of Harris

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 42 days after the date this citation was issued, a default judgment may be taken against you."

**To: UNKNOWN HEIRS AT LAW OF OLGA APPLEGATE, DECEASED**

YOU ARE HEREBY COMMANDED to be and appear before the 129th Judicial District Court of Harris County, Texas in the Courthouse in the City of Houston, Texas at or before 10:00 o'clock A.M., Monday, 6th day of July, 2026, being the Monday next after the expiration date of forty-two days after this citation is issued, and you are hereby commanded and required then and there to appear and file written answer to the Petition, filed in said Court on April 15, 2026, in a suit numbered 202625118 on the docket of said court, wherein Federal Home Loan Mortgage Corporation, as Trustee of the Freddie Mac SLST 2025-2 Participation Interest Trust, Plaintiff, v. Olga Applegate and The Heirs at Law of Olga Applegate, Deceased, Defendants.

**The Petition seeks an order to foreclose the lien on the property an assert a claim to the property located at 19111 Atasca Oaks Drive, Kingwood, TX 77346 and legally described as: Lot Seven (7), Block Three (3) Of Parkside At Kingwood Glen, An Addition In Harris County, Texas, According To The Map Or Plat Thereof Recorded In Flim Code No. 453041, Of The Map Records Of Harris County, Texas.**

GIVEN UNDER MY HAND AND SEAL OF SAID COURT in Houston, Texas this 22nd day of May, 2026.

(SEAL)

**Joshua Hall** District Clerk Signature & Seal

Issued at the request of: LOGS Legal Group LLP – Counsel for Plaintiff Address: 13105 Northwest Freeway, Suite 960, Houston, TX 77040 (Clerk info)

Newspaper: HOUSTON CHRONICLE
IPLHOU0145650

## Citation by Publication

**THE STATE OF TEXAS**

To: Defendant Cynthia Cole

United States District Court for the Southern District of Texas
515 Rusk Avenue, Houston, TX 77002

CASE #: 4:25-cv-05034

**Guillermo Vazquez, in his capacity as Administrator of AFSCME Local 1550, and American Federation of State, County & Municipal Employees, AFL-CIO,**

**Plaintiffs,**

**v.**

**Cynthia Cole, Karen Dugar, Sonja Ross, Alvernise Boyd, and National Organization for State County Municipal Employees 1550 Association,**

**Defendants.**

This action seeks to recover more than $450,000.00 that Defendants obtained through repeated acts of embezzlement and conversion of union assets in violation of 29 U.S.C. § 501(c), mail fraud, bank fraud, and breaches of fiduciary duty in violation of 29 U.S.C. § 501(a).

Counsel for Plaintiffs:
Barry I. Levy, Esq. • Max Gershenoff, Esq. • Elan Kirshenbaum, Esq.
RIVKIN RADLER LLP
926 RXR Plaza, Uniondale, NY 11556
(516) 357-3000
Barry.Levy@rivkin.com • Max.Gershenoff@rivkin.com • Elan.Kirshenbaum@rivkin.com

Petition Filed: October 22, 2025
Citation Issued: May 14, 2026 (Court Order Granting Motion for Substituted Service via Publication)

Rhonda Hawkins, Case Manager
United States District Clerk's Office,
United States Courthouse
515 Rusk Street, Room 9110, Houston, TX 77002
(713) 250-5518

**You have been sued. You may retain an attorney. Failure to file a written answer to the petition on or before Monday, August 24, 2026, at 10:00 AM may result in a default judgment entered against you, Cynthia Cole. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.**

**You are commanded to appear in this case and file an answer on or before: Monday, August 24, 2026, at 10:00 AM**
IPLHOU0146910

## Legals/Public Notices

**Texas Department of Transportation**
**SH 99 Grand Parkway Segment B-1**
**Project Disclosure of Financial Information**

**Disclosure of Financial Information:**

Pursuant to the authority granted under Texas Transportation Code, Chapter 223, Subchapter F, the Texas Department of Transportation (TxDOT) solicited proposals and has recommended a proposer for award of a Design-Build Contract (DBC) and associated Capital Maintenance Contract (CMC) for a portion of the Project described herein.

As required by Texas Transportation Code, Chapter 371, Subchapter D, TxDOT is publishing financial information regarding the Project and providing notice of a public hearing to receive comments concerning such financial disclosure for the Project described herein.

The Project consists of improvements within Segment B-1 of State Highway (SH) 99 (Grand Parkway) in Brazoria and Galveston Counties, including approximately 15 miles of new tolled and non-tolled lanes and operational improvements along SH 35 in Brazoria County. The project is divided into three elements, the "SH 99" portion, the "SH 35 Bypass" portion, and the "SH 99/Interstate 45 (I-45) Interchange" portion.

The SH 99 and the SH 35 Bypass portions of the Project are anticipated to be delivered pursuant to the DBC and CMC and consist of an approximately 14-mile, four-lane toll facility (two lanes in each direction) extending from Farm to Market (FM) 2403 to FM 646, together with approximately 5.9 miles of non-tolled operational improvements along existing SH 35 from south of FM 2403 to Victory Lane. The SH 35 Bypass portion of the Project consists of approximately 1.4 miles of the 5.9 miles of non-tolled operational improvements along SH 35 from Steele Road to Victory Lane. The SH 99/I-45 Interchange portion includes the design and construction of four direct connectors at the SH 99/I-45 Interchange, which are anticipated to be delivered through a separate design-bid-build procurement. Collectively, the foregoing improvements constitute the Project for purposes of this disclosure.

On April 30, 2026, by Minute Order No. 117165, the Texas Transportation Commission (TTC) determined that the proposal submitted by Ferrovial Construction-Webber 99 Joint-Venture (JV) (DB Contractor) provided the apparent best value to TxDOT and authorized TxDOT to commence and complete negotiations necessary to finalize the DBC and CMC.

Construction under the DBC is anticipated to commence in late 2026 and reach substantial completion in winter 2031/2032. TxDOT will be the contracting party to the DBC and CMC and will retain ownership of the Project roadway and associated right of way. The Project includes improvements that are anticipated to be operated and maintained by different entities. TxDOT and the Grand Parkway Transportation Corporation (GPTC), a public nonprofit Texas corporation created by and authorized by the TTC to design, construct, reconstruct, expand, operate, and maintain portions of SH 99, are negotiating a Project Agreement that will establish the respective rights, responsibilities, and obligations of TxDOT and GPTC with respect to the Project, including the operation and maintenance of certain Project facilities and the collection of toll revenues from the tolled portions of the Project.

The SH 35 Bypass improvements are anticipated to remain under TxDOT's responsibility and are not expected to be operated or maintained by GPTC. The direct connectors at the SH 99/I-45 Interchange are anticipated to be delivered through a separate design-bid-build procurement.

Project Financing. GPTC anticipates financing the SH 99 and the SH 99/I-45 Interchange portions of the Project through the issuance of the toll revenue bonds, notes and a loan under the Transportation Infrastructure Finance and Innovation Act (TIFIA). The total amount of debt that has been or will be assumed by GPTC to acquire right of way, design, construct, and finance the GPTC-financed portions of the Project is projected to be approximately $2.2 billion. The projected amount of interest that will be paid on the debt is estimated at $4.2 billion. The debt for the SH 99 and the SH 99/I-45 Interchange is anticipated to be repaid with toll revenues over a 39.5-year term. Any financing by GPTC of the SH 99 and the SH 99/I-45 Interchange will be subject to the covenants, restrictions and conditions of the existing financing documents approved by GPTC in connection with its outstanding debt obligations.

TxDOT intends to fund the SH 35 Bypass portion of the Project through the State Highway Fund.

Duration of Tolling. GPTC will collect tolls on Segment B-1 to offset the acquisition, design, and construction debt cost. Tolling is anticipated to continue after the debt is repaid.

Method for Setting Toll Rates. The initial toll rates and annual escalation policy for Segment B-1 were adopted by the TTC by Minute Order 117182 dated April 30, 2026. The toll rates and escalation policy are in accordance with the Market Valuation Waiver Agreement (MVWA) for the Grand Parkway. The MVWA was entered into by Brazoria County, Chambers County, Fort Bend County, Galveston County, Harris County, Montgomery County, Liberty County and TxDOT and provides the terms and conditions for the development, construction, and operation of the Grand Parkway. In accordance with the MVWA, the toll rates for all segments of the Grand Parkway will not exceed the average per-mile rates set in the current policy of the Harris County toll road system and the toll rate escalation methodology will be as set forth in Harris County's tolling policy in effect at the time.

Competing Facilities. There are no terms in the DBC related to competing facilities and there are no penalties associated with their construction.

Termination for Convenience. TxDOT has the right to terminate the DBC at any time without cause. If TxDOT elects to exercise this right, TxDOT must pay the DB Contractor for the design and construction work already performed under the DBC, the costs of terminating subcontracts, and certain out of pocket costs incurred by the DB Contractor. TxDOT has the right to terminate the CMC for convenience at any time without cause. If TxDOT elects to exercise this right, TxDOT must pay the DB Contractor for services performed under the CMC, plus costs of terminating subcontracts and certain settlement costs. In addition, TxDOT has the right to elect not to implement the second or third five-year CMC term and will not incur any termination costs in the event of such election. TxDOT may also terminate the CMC at the conclusion of the first year of the initial five-year CMC term without financial penalty.

Toll Rates. Based on the demand projections, it is estimated that the two-axle vehicle tag toll rates per mile will be as follows:

**Table 1 - Toll Rates for Grand Parkway Segment B-1**

| Project Status | Year | Estimated $/mile |
|---|---|---|
| Commencement of Traffic | 2032 | $0.279 |
| End of 1st Term CMC | 2037 | $0.308 |
| End of 2nd Term CMC | 2042 | $0.340 |
| End of 3rd Term CMC | 2047 | $0.375 |

Methodology for increasing toll rates. Toll rates will be static (not changing based on traffic conditions) and increase based on the adopted escalation policy. The current policy calls for annual escalation of the toll rates based on the higher of 2% or the most recently published non-revised index of Consumer Prices for Urban Wage Earners and Clerical Workers.

Concession Payments. There will be no concession payments.

Public Hearings. TxDOT will hold two public hearings concerning this disclosure of financial information for the toll project. Hearings will be held at the following dates, times, and locations: Monday, June 22, 2026 from 5:00 p.m. – 7:00 p.m. at Galveston County Courthouse, 722 Moody Avenue (21st Street), Galveston, Texas 77550; Wednesday, June 24, 2026 from 5:00 p.m. – 7:00 p.m. at City of Angleton City Council Chambers, 120 S. Chenango St., Angleton, Texas 77515. Questions and comments concerning the financial information will be accepted by TxDOT at the public hearing.

Questions and comments may also be submitted to the department by U.S. mail addressed to Matthew C. Connelly, P.E., Texas Department of Transportation, 7600 Washington Avenue, Houston, Texas 77007; or by emailing written comments to HOU-PIOWebMail_txdot.gov with subject line "SH 99 Segment B-1". These comments will be accepted until 5 p.m., Thursday, July 2, 2026. Copies of the DBC will be made available for viewing at the public hearing, at TxDOT's Houston District office located at 7600 Washington Avenue, Houston, Texas 77007 and can be accessed on TxDOT's website at https://www.txdot.gov/business/road-bridge-maintenance/alternative-delivery/sh99-grand-parkway-segb1/rfp.html. Copies of the DBC also may be purchased from TxDOT's Houston District office at the cost of reproduction. TxDOT will consider all properly submitted questions and comments and will prepare a summary and analysis of the comments received. The summary and analysis will be posted on TxDOT's website and made available upon request. Persons interested in attending any of the hearings who have special communication or accommodation needs are encouraged to contact Kenneth Shirley at the TxDOT Houston District at (936) 641-7240.

Requests should be made at least 72 hours prior to the public hearing. Because the public hearings will be conducted in English, any requests for language interpreters or other special communication needs should also be made at least 72 hours prior to the public hearing. TxDOT will make every reasonable effort to accommodate these needs.

## Legals/Public Notices

**Departamento de Transporte de Texas**
**SH 99 Grand Parkway, Segmento B-1**
**Divulgación de información financiera del proyecto**

**Divulgación de información financiera:**

Conforme a la autoridad otorgada por el Código de Transporte de Texas, Capítulo 223, Subcapítulo F, el Departamento de Transporte de Texas (TxDOT, por sus siglas en inglés) solicitó propuestas y ha recomendado a un proponente para la adjudicación de un contrato de diseño y construcción (DBC, por sus siglas en inglés) y el contrato de mantenimiento de capital (CMC, por sus siglas en inglés) asociado para una porción del proyecto aquí descrito.

Conforme a los requisitos del Código de Transporte de Texas, Capítulo 371, Subcapítulo D, TxDOT está publicando información financiera relativa al Proyecto y notificando la realización de una audiencia pública para recibir comentarios sobre dicha divulgación financiera del Proyecto aquí descrito.

El proyecto consiste en mejoras en el segmento B-1 de la carretera estatal (SH) 99 (Grand Parkway) en los condados de Brazoria y Galveston, lo que incluye aproximadamente 15 millas de nuevos carriles con y sin peaje, así como mejoras operativas a lo largo de la SH 35 en el condado de Brazoria. El proyecto se divide en tres elementos: la parte de la "SH 99", la parte de la "Circunvalación de la SH 35" y la parte del "Intercambiador de la SH 99/Interestatal 45 (I-45)".

Se anticipa que las partes del proyecto correspondientes a la SH 99 y a la Circunvalación de la SH 35 se realizarán conforme al DBC y al CMC, y consisten en aproximadamente 14 millas de infraestructura de peaje de cuatro carriles (dos carriles en cada sentido) que se extienden desde Farm to Market (FM) 2403 hasta FM 646, junto con aproximadamente 5,9 millas de mejoras operativas sin peaje a lo largo de la SH 35 existente desde el sur de FM 2403 hasta Victory Lane. La parte del Proyecto correspondiente a la circunvalación de la SH 35 consiste en aproximadamente 1,4 millas de las 5,9 millas de mejoras operativas sin peaje a lo largo de la SH 35 desde Steele Road hasta Victory Lane. La parte del intercambio SH 99/I-45 incluye el diseño y la construcción de cuatro conectores directos en el intercambio SH 99/I-45, cuya ejecución se anticipa mediante un proceso de contratación independiente de diseño-licitación-construcción. En conjunto, las mejoras mencionadas constituyen el Proyecto para los fines de esta divulgación.

El 30 de abril de 2026, mediante la Orden Minuta n.º 117165, la Comisión de Transporte de Texas (TTC) determinó que la propuesta presentada por la unión temporal de empresas (UTE) Ferrovial Construction-Webber 99 (contratista del DBC) ofrecía la mejor relación calidad-precio aparente para TxDOT y autorizó a TxDOT a iniciar y llevar a cabo las negociaciones necesarias para formalizar el DBC y el CMC.

Se anticipa que la construcción conforme al DBC comience a finales de 2026 y alcance su finalización sustancial en el invierno de 2031/2032. TxDOT será la parte contratante del DBC y el CMC y conservará la propiedad de la carretera del Proyecto y los derechos de vía asociados. El Proyecto incluye mejoras que se anticipa que serán operadas y mantenidas por diferentes entidades. TxDOT y la Grand Parkway Transportation Corporation (GPTC), una corporación pública sin fines de lucro de Texas creada y autorizada por la TTC para diseñar, construir, reconstruir, ampliar, operar y mantener tramos de la SH 99, están negociando un Acuerdo del Proyecto que establecerá los respectivos derechos, responsabilidades y obligaciones de TxDOT y GPTC con respecto al Proyecto, incluyendo la operación y el mantenimiento de ciertas instalaciones del Proyecto y la recaudación de ingresos por peaje de los segmentos del Proyecto sujetos a peaje.

Se anticipa que las mejoras de la circunvalación SH 35 seguirán siendo responsabilidad del TxDOT y no se espera que la GPTC se encargue de su operación ni de su mantenimiento. Se estima que los enlaces directos en el cruce de la SH 99 y la I-45 se llevarán a cabo mediante un proceso de contratación separado de diseño, licitación y construcción.

Financiamiento del proyecto. GPTC anticipa financiar los segmentos SH 99 y el cruce SH 99/I-45 del proyecto mediante la emisión de bonos y notas de ingresos por peaje, así como un préstamo conforme a la Ley de Financiamiento e Innovación de Infraestructura de Transporte (TIFIA). Se estima que el monto total de la deuda que ha asumido o asumirá GPTC para adquirir los derechos de vía, diseño, construcción y financiamiento de las partes del proyecto financiadas por GPTC será de aproximadamente $2.200 millones. El monto proyectado de los intereses que se pagarán por la deuda se estima en $4.200 millones. Se anticipa que la deuda correspondiente a la SH 99 y al Intercambiador SH 99/I-45 se pagará con los ingresos por peaje durante un plazo de 39,5 años. Cualquier financiamiento por parte de GPTC de la SH 99 y del Intercambiador SH 99/I-45 estará sujeto a los convenios, restricciones y condiciones de los documentos de financiamiento existentes aprobados por GPTC en relación con sus obligaciones de deuda pendientes.

TxDOT tiene la intención de financiar la parte del proyecto correspondiente a la circunvalación de la SH 35 a través del Fondo Estatal de Carreteras.

Duración del peaje. GPTC recaudará peajes en el segmento B-1 para compensar los costos de la deuda incurrida en la adquisición, el diseño y la construcción. Se anticipa que el peaje continuará después de que se haya pagado la deuda.

Método para fijar las tarifas de peaje. Las tarifas iniciales de peaje y la política de ajuste anual para el segmento B-1 fueron aprobadas por la TTC mediante la Orden Minuta n.º 117182, de fecha 30 de abril de 2026. Las tarifas de peaje y la política de ajuste se ajustan al Acuerdo de Exención de Valoración de Mercado (MVWA) para la Grand Parkway. El MVWA fue firmado por los condados de Brazoria, Chambers, Fort Bend, Galveston, Harris, Montgomery y Liberty, y por TxDOT, y establece los términos y condiciones para el desarrollo, la construcción y la operación de la Grand Parkway. Conforme al MVWA, las tarifas de peaje para todos los segmentos de Grand Parkway no excederán las tarifas promedio por milla establecidas en la política actual del sistema de carreteras de peaje del condado de Harris, y la metodología de escalación de tarifas de peaje será la establecida en la política de peaje del condado de Harris vigente en ese momento.

Facilidades competidoras. El DBC no contiene términos relacionados con las facilidades competidoras y no se aplican penalizaciones por su construcción.

Rescisión por conveniencia. TxDOT tiene derecho a rescindir el DBC en cualquier momento sin necesidad de justificación. Si TxDOT decide ejercer este derecho, deberá pagar al contratista DB por los trabajos de diseño y construcción ya realizados conforme al DBC, los costos de rescisión de los subcontratos y ciertos gastos incurridos por el contratista DB. TxDOT tiene derecho a rescindir el CMC por conveniencia en cualquier momento sin causa justificada. Si TxDOT decide ejercer este derecho, deberá pagar al contratista DB por los servicios prestados en virtud del CMC, más los costos de rescisión de los subcontratos y ciertos costos de liquidación. Además, TxDOT tiene derecho a optar por no implementar el segundo o tercer plazo de cinco años del CMC y no incurrirá en ningún costo de rescisión en caso de tal elección. TxDOT también puede rescindir el CMC al término del primer año del plazo inicial de cinco años del CMC sin penalización financiera.

Tarifas de peaje. Con base en las proyecciones de demanda, se estima que las tarifas de peaje por milla para los vehículos de dos ejes serán las siguientes:

**Tabla 1 - Tarifas de peaje del segmento B-1 de la Grand Parkway**

| Estado del proyecto | Año | Costo estimado por milla |
|---|---|---|
| Comienzo del tráfico | 2032 | $0.279 |
| Fin del primer periodo del CMC | 2037 | $0.308 |
| Fin del segundo periodo del CMC | 2042 | $0.340 |
| Fin del tercer periodo del CMC | 2047 | $0.375 |

Metodología para el aumento de las tarifas de peaje. Las tarifas de peaje serán fijas (sin cambios en función de las condiciones del tráfico) y aumentarán según la política de revalorización adoptada. La política actual exige una revalorización anual de las tarifas de peaje basada en el 2% o en el índice de precios al consumo para asalariados urbanos y empleados administrativos más recientemente publicado y no revisado, el que sea más alto.

Pagos de concesión. No habrá pagos de concesión.

Audiencias públicas. TxDOT llevará a cabo dos audiencias públicas en relación con esta divulgación de información financiera sobre el proyecto de peaje. Las audiencias se llevarán a cabo en las siguientes fechas, horas y lugares: lunes, 22 de junio de 2026, de 5:00 p.m. – 7:00 p.m. en el Galveston County Courthouse, 722 Moody Avenue (21st Street), Galveston, Texas 77550; miércoles, 24 de junio de 2026 de 5:00 p.m. – 7:00 p.m. en el City of Angleton City Council Chambers, 120 S. Chenango St., Angleton, Texas 77515. TxDOT aceptará preguntas y comentarios sobre la información financiera durante la audiencia pública.

Las preguntas y comentarios también pueden enviarse al departamento por correo postal a nombre de Matthew C. Connelly, P.E., Departamento de Transporte de Texas, 7600 Washington Avenue, Houston, Texas 77007; o enviando los comentarios por correo electrónico a HOU-PIOWebMail@txdot.gov con el asunto "SH 99 segmento B-1". Estos comentarios se aceptarán hasta las 5 p. m. del jueves 2 de julio de 2026. Copias del DBC estarán disponibles para su consulta en la audiencia pública, en la oficina del Distrito de Houston del TxDOT, situada en 7600 Washington Avenue, Houston, Texas 77007, y se podrá acceder a ellas en el sitio web del TxDOT en https://www.txdot.gov/business/road-bridge-maintenance/alternative-delivery/sh99-grand-parkway-segb1/rfp.html. También se pueden adquirir copias del DBC en la oficina del Distrito de Houston de TxDOT al coste de reproducción. TxDOT considerará todas las preguntas y comentarios presentados debidamente y preparará un resumen y un análisis de los comentarios recibidos. El resumen y el análisis se publicarán en el sitio web de TxDOT y estarán disponibles mediante solicitud. Se recomienda a las personas interesadas en asistir a cualquiera de las audiencias que tengan necesidades especiales de comunicación o adaptación que se pongan en contacto con Kenneth Shirley en el Distrito de Houston del TxDOT, llamando al (936) 641-7240.

Las solicitudes deben presentarse al menos 72 horas antes de la audiencia pública. Dado que las audiencias públicas se llevarán a cabo en inglés, cualquier solicitud de intérpretes u otras necesidades especiales de comunicación también deben presentarse al menos 72 horas antes de la audiencia pública. TxDOT realizará todos los esfuerzos razonables para satisfacer estas necesidades.

# PLANE

*From page A13*

what he encountered that night.

Having arrived near the scene in a tow truck, Franco grabbed tools, including a sledgehammer, and ran toward the aircraft.

"I can't say what motivated me to help, but smoke was rising and I saw people rushing in to help," he said.

When he reached the wreckage, Franco said the smoke was so thick that breathing became painful.

"I didn't know if it would explode or not," he said. "I felt a lot of anxiety to get them out because in any moment anything can happen."

After discovering the sledgehammer would not break through the aircraft's double-pane window, Franco returned to his truck and grabbed a fire extinguisher. He joined others in trying to suppress the flames while passengers were being removed from the aircraft.

"I feel proud — *orgulloso*, to be able to help," he said. "The little we had, we used to help."

Another rescuer was 23-year-old Matthew Amaro, who was captured in video footage helping hold open the aircraft's door while others assisted passengers out of the wreckage.

"I don't have much to say about it, but I'm glad we helped everyone out," Amaro said. "Prayers for the family and the one who passed."

Damian Garza and his wife, Zayra Garza, were also among the civilians who rushed to the scene.

Driving through south Laredo on Tuesday night, the couple initially believed they were approaching a traffic accident.

Smoke in the distance often points to a traffic accident. In a city where collisions involving passenger vehicles and tractor-trailers are not uncommon, the couple initially assumed that was exactly what they were approaching.

Instead, they found themselves at the scene of a small aircraft that had crashed and split apart near Loop 20.

Damian Garza helped others lift and hold open the aircraft's door while the passengers were evacuated.

"My husband did tell me because he assisting on lifting the door that it was super heavy," Zayra Garza said.

As flames continued to grow, Garza said her husband joined others working to keep the door open, at one point using a fire extinguisher to help prevent it from closing while people inside were being rescued.

"We didn't know if the airplane was going to explode because the fire was getting bigger and there was a lot of people helping," Garza said.

She recorded much of the rescue effort as it unfolded, providing a first-hand look at the actions of these individuals who rushed toward the burning aircraft. The footage became a window into the scene not only for Laredoans but for people across the country.

Others who responded included off-duty U.S. Border Patrol Agent Alex Medellin, who was seen assisting with rescue efforts and attempting to help access portions of the aircraft near the cockpit.

"Agent Medellin's quick actions and coordination with emergency responders exemplify the U.S. Border Patrol's commitment to protecting our community, even off duty," the U.S. Border Patrol Laredo Sector said. "We are proud of Agent Medellin's heroism. Honor First."

These are just some of the Good Samaritans who acted without hesitation when lives were on the line.

As stories and videos from the rescue circulated online, additional names emerged through social media posts and public recognition from local leaders. City officials are also working to identify and thank other individuals who may have assisted at the scene, although they admit it may be impossible to identify and personally thank everyone who assisted that night.

Looking back, Garza said what she remembers most is not the fire or the wreckage, but the way strangers came together in a matter of moments.

"I want to thank the community, law enforcement — everybody worked together," she said. "Something I didn't think I was going to see was everybody coming together and helping each other out."



The wreckage of a private aircraft rests on Loop 20 in Laredo on June 16. Authorities said the plane was carrying six people when it crashed, killing one.

Jose De La Rosa/Laredo Morning Times

# SHELTER

*From page A13*

uncertainty around the future of existing grants, extremely stressed staff. And then you were already dealing with shortages started during COVID that never righted themselves."

Organizations in Harris County offered more days in a shelter in 2025 than they did in 2024, the study found — demand simply outpaced growth, said Molly Voyles, director of public policy for the statewide council, which conducted the survey.

"What you have in Harris County is an impressive system of advocates that are strained resource-wise," Voyles said.

A third of those denied a shelter bed last year returned to their violent homes, researchers found. Another quarter opted to live in an unsafe place, such as a car or on the streets.

## Call for resources

Local advocates against domestic violence for years have tried to raise awareness about the lack of resources for victims in the face of rising numbers of family violence-related homicides in Harris County.

"It's like drinking from a fire hydrant," Brashear said. "Demand for these services is really, really high. If you're tracking the numbers, you're seeing it."

A 2022 report from the University of Houston found the region has significantly fewer shelter beds per capita than other major cities. Authors of the report recommended giving local organizations an additional $1 million per year for five years.

Yet local nonprofits have found themselves trimming staff in the wake of funding cuts. And leaders at the Houston Police Department have been noncommittal about the future of some of their domestic violence-related programs, such as the Domestic Abuse Response Team, which was expanded using pandemic-era federal funds that are running out.

The outlook for groups providing shelter hasn't been universally negative, Brashear said.

Harris County Commissioners Court recently committed to continue providing $1.5 million in aid for victims to cover whatever needs they might have, such as a deposit on an apartment or funds for a hotel stay.

Simply adding shelter beds isn't the only key to improving conditions on the ground, Voyles added — an overall lack of housing is worsening the situation.

"This means people are staying longer in the shelters," she said. "If you're not safe at home, you're more likely to stay in the shelters, especially if you can't find a way to transition to a safer home."

# LEGAL NOTICES

HoustonChronicle.com/Place-Legals legals@chron.com 713.362.6868

## Notice to Creditors


**NOTICE TO CREDITORS AD**

**$99.00**

Contact our team:
**legals@chron.com**
OR

Visit our 24/7 website to place, anytime:
**HoustonChronicle.com/Place-Legals**

***Includes first 36 lines and 1 Affidavit of Publication. $2.00 each additional line.***


**NOTICE TO CREDITORS**

CAUSE NO. 543491

Notice is hereby given that Letters Testamentary for the Estate of Mary Karkella, Deceased, were issued on or about the 17th day of June, 2026, in Cause No. 543491, pending in the Probate Court Number 1 of Harris County Texas, to Kara Ann Burrous, Independent Executor. All persons having claims against this estate are required to present them within the time and in the manner prescribed by law.

Claims may be presented to James W. McCalla, Attorney for the Independent Executor Kara Ann Burrous, LAW OFFICE OF JAMES MCCALLA, P.O. Box 2108, Bellaire, Texas, 77402-2108.

If you have a secured claim against the estate, you must present your claim to the Independent Executor at the address listed above.

Dated this the 25th day of June, 2026
/s/ James W. McCalla
James W. McCalla
Attorney for Kara Ann Burrous,
Independent Executor of the Estate of Mary Karkella, Deceased
IPLHOU0149380

Notice to Creditors
Notice is hereby given that Letters of Testamentary were granted to Raymond Scott Gibson on the 21st day of May, 2026, by the Probate Court of Harris County, Texas in Cause No. 543246; In the Estate of Raymond C. Gibson, Deceased. All persons having claims against said estate are hereby required to present the same to Raymond Scott Gibson, Independent Executor, within the time prescribed by law.
Mailing address is:
c/o Raymond Scott Gibson, 62 N. Wooded Brood Circle, Spring, Texas 77382.
CAUSE NO. 543246
IPLHOU0149116


**WE DELIVER YOUR MESSAGE**

HoustonChronicle.com/Advertise

HoustonChronicle.com


## Legals/Public Notices

The Houston Planning Commission has received an application to allow the the partial replatting of **MELBOURNE PLACE SECTION 2, AMENDING PLAT NO 1** being all of lot TWO HUNDRED TWENTY EIGHT (228) and TWO HUNDRED TWENTY NINE (229) in Block NINETEEN (19), as recorded in FILMCODE NUMBER 693650 of the Harris County Map Records for the purpose of creating four (4) lots.

The new subdivision name is CHARLESMONT CORNER.

A variance is being requested to allow a reduced building line of 0 feet along the western
boundary of the plat instead of the required 10 feet building line.
The City will send out written notice of a public hearing to all owners of property within 250' of the boundary of the plat and all parcels along or across from a blockface that abuts any street or private roadway extending 500 feet from the plat as measured along the centerline of any street or private roadway that abuts the boundary of the plat.

The Houston Planning Commission will hold a public hearing on this replat on **Thursday, July 23, 2026 at 2:30 PM** City Hall Annex Building, 900 Bagby Street City Council Chamber, Public Level, Houston, Texas

For information on how to join the meeting or submit comments as a speaker, visit our website: www.houstonplanning.com or Call: 832-393-6624. Contact the applicant at (832) 208-7706) or the City of Houston Planning Department at (832)393-6600 for any additional information
IPLHOU0149340

## Legal Bids & Proposals

G.T.T. Construction, Inc. acting as Design-Build Contractor on behalf of Bay City Community Development Corporation, is requesting competitive subcontractor proposals for the construction of The Aquatics Center of Matagorda County.

The Project is located within the City Limits of Bay City with the address of 230 12th Street, Bay City, Texas 77414. This is a 5.5-acre undisturbed site. The project consists of a new 19,338 square foot multi-use building including an interior 8 lane lap pool. The second building is a free-standing restroom facility servicing a leisure pool, splash pads and water slides.

Proposals will be accepted by email until 2:00 P.M. local times on Thursday July 16th, 2026. Proposals shall be submitted electronically to estimating@gttconstruction.com. Potential award to subcontractors will be to the responsive and responsible proposer whose proposal is determined to be most advantageous to the owner as determined by the Design-Build Contractor. Successful subcontractors shall be issued a standard G.T.T. Construction Subcontract agreement without modifications.

Interested parties may access drawings via ISQFT, ABC Plan Room Victoria, Tx. And upon request to estimating@gttconstruction.com. For ISQFT there is no cost to view or download documents.

G.T.T. Construction on behalf of
Bay City Community Development Corporation
IPLHOU0149301

**Request for Qualifications**
**RFQ 26-01**
**Affordable Housing Development Partners**

Harris County Housing Authority (HCHA) is seeking submissions from qualified Respondents interested in partnering on affordable housing development services, including but not limited to development, financing, construction, preservation, and related real estate development activities for current and future housing initiatives. This RFQ is being issued as a continuously open solicitation. **Proposals shall be emailed to:** dominique.king@hchatexas.org. RFQ 26-01 will be posted on HCHA's website at www.hchatexas.org and can be downloaded there.
IPLHOU0149303

**NOTICE TO BIDDERS**
**The Metropolitan Transit Authority of Harris County, Texas (METRO) is planning to issue the procurement documents listed in this advertisement.**

**IFB No. Doc2282570456: Purchase and Delivery of H4 LRV Brake Overhaul Kits.** Solicitation will be available on or about 06/29/2026.

Prospective bidders/proposers can view and download these solicitations by visiting METRO's website at ridemetro.org/Open Procurements

If you are unable to download the documents or are having difficulty, please contact 713-615-6125 or email Contracts/Property Services at propertyservices@ridemetro.org.
IPLHOU0149568

NOTICE OF REQUEST FOR PROPOSALS Southwest Public Schools is soliciting sealed proposals from qualified and experienced food service vendors to provide vended meal services for the District's Child Nutrition Program for the 26-27 school year. Interested vendors may obtain the complete RFP package and detailed specifications by contacting Melissa Nowicki, Chief Financial Officer at Phone: (713) 784-6345 Email: mnowicki@swschools.org or by download from the District website at: https://www.swschools.org. Sealed proposals must be received no later than Friday, July 17, 2026 2:00 PM CT.
IPLHOU0148391

Galena Park Independent School District ("GPISD" or "the "District") is soliciting proposals for **RFP 26-011 Telehealth Services**. Details are more fully set out in the Request for Proposals ("RFP"). The submission deadline will be **Tuesday, July 14, 2026 at 2:00 PM CST** at the GPISD Admin Bldg. Purchasing Department, located at 14705 Woodforest Blvd., Houston, TX 77015 and through the GPISD eBid system https://galenaparkisd.ionwave.net/Login.aspx.
IPLHOU0146541

## Legal Bids & Proposals

Galena Park Independent School District ("GPISD" or "the "District") is soliciting proposals for **CSP 26-202 Concrete Work**. Details are more fully set out in the Competitive Sealed Proposals ("CSP"). The submission deadline will be **Monday, July 13, 2026 @ 2:00PM CST** at the GPISD Admin Building, Purchasing Department, located at 14705 Woodforest Blvd., Houston, TX 77015.

Additional information may be obtained at GPISD eBid system https://galenaparkisd.ionwave.net/Login.aspx or by contacting the Purchasing Department at purchasing@galenaparkisd.com.

Galena Park ISD reserves the right to reject any or all proposals.
IPLHOU0147126

## Citation by Publication

CAUSE NUMBER: 202625118

PLAINTIFF: FEDERAL HOME LOAN MORTGAGE CORPORATION
VS.
DEFENDANT: APPLEGATE , OLGA

In the 129th
Judicial District
Harris County, Texas

CITATION BY PUBLICATION

THE STATE OF TEXAS County of Harris

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 42 days after the date this citation was issued, a default judgment may be taken against you."

**To: UNKNOWN HEIRS AT LAW OF OLGA APPLEGATE, DECEASSED**

YOU ARE HEREBY COMMANDED to be and appear before the 129th Judicial District Court of Harris County, Texas in the Courthouse in the City of Houston, Texas at or before 10:00 o'clock A.M., Monday, 6th day of July, 2026, being the Monday next after the expiration date of forty-two days after this citation is issued, and you are hereby commanded and required then and there to appear and file written answer to the Petition, filed in said Court on April 15, 2026, in a suit numbered 202625118 on the docket of said court, wherein Federal Home Loan Mortgage Corporation, as Trustee of the Freddie Mac SLST 2025-2 Participation Interest Trust, Plaintiff, v. Olga Applegate and The Heirs at Law of Olga Applegate, Deceased, Defendants.

**The Petition seeks an order to foreclose the lien on the property an assert a claim to the property located at 19111 Atasca Oaks Drive, Kingwood, TX 77346 and legally described as: Lot Seven (7), Block Three (3) Of Parkside At Kingwood Glen, An Addition In Harris County, Texas, According To The Map Or Plat Thereof Recorded In Flim Code No. 453041, Of The Map Records Of Harris County, Texas.**

GIVEN UNDER MY HAND AND SEAL OF SAID COURT at Houston, Texas this 22nd day of May, 2026.

(SEAL)

**Joshua Hall** District Clerk Signature & Seal

Issued at the request of: LOGS Legal Group LLP – Counsel for Plaintiff Address: 13105 Northwest Freeway, Suite 960, Houston, TX 77040 (Clerk info)

Newspaper: HOUSTON CHRONICLE
IPLHOU0145650

**THE STATE OF TEXAS**

To: Defendant Cynthia Cole

United States District Court for the Southern District of Texas
515 Rusk Avenue, Houston, TX 77002

CASE #: 4:25-cv-05034

**Guillermo Vazquez, in his capacity as Administrator of AFSCME Local 1550, and American Federation of State, County & Municipal Employees, AFL-CIO,**

**Plaintiffs,**

**v.**

**Cynthia Cole, Karen Dugar, Sonja Ross, Alvernise Boyd, and National Organization for State County Municipal Employees 1550 Association,**

**Defendants.**

This action seeks to recover more than $450,000.00 that Defendants obtained through repeated acts of embezzlement and conversion of union assets in violation of 29 U.S.C. § 501(c), mail fraud, bank fraud, and breaches of fiduciary duty in violation of 29 U.S.C. § 501(a).

Counsel for Plaintiffs:
Barry I. Levy, Esq. • Max Gershenoff, Esq. • Elan Kirshenbaum, Esq.
RIVKIN RADLER LLP
926 RXR Plaza, Uniondale, NY 11556
(516) 357-3000
Barry.Levy@rivkin.com • Max.Gershenoff@rivkin.com • Elan.Kirshenbaum@rivkin.com

Petition Filed: October 22, 2025
Citation Issued: May 14, 2026 (Court Order Granting Motion for Substituted Service via Publication)

Rhonda Hawkins, Case Manager
United States District Clerk's Office,
United States Courthouse
515 Rusk Street, Room 9110, Houston, TX 77002
(713) 250-5518

**You have been sued. You may retain an attorney. Failure to file a written answer to the petition on or before Monday, August 24, 2026, at 10:00 AM may result in a default judgment entered against you, Cynthia Cole. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.**

**You are commanded to appear in this case and file an answer on or before: Monday, August 24, 2026, at 10:00 AM**
IPLHOU0146910

## Citation by Publication

**CAUSE NUMBER: 202578056**

**Plaintiff: HEARD, SHANNON**

**vs.**

**Defendant: CEAZER, ALVESTER**

**IN THE 055TH JUDICIAL DISTRICT COURT OF HARRIS COUNTY, TEXAS**

**CITATION BY PUBLICATION**

**THE STATE OF TEXAS**
**County of Harris**

**NOTICE TO DEFENDANT:** "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of forty-two days after the date of issuance of this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

**To: CEAZER, ALVESTER (WHOSE WHEREABOUTS ARE UNKNOWN)**

**YOU ARE HEREBY COMMANDED** to be and appear before the 055th Judicial District Court of Harris County, Texas in the Courthouse in the city of Houston, Texas at or before 10:00 o'clock A.M., Monday, JUNE 29, 2026, being the Monday next after the expiration date of forty-two days after this citation is issued, and you are hereby commanded and required then and there to appear and file written answer to the PLAINTIFF'S ORIGINAL PETITION RULE 193.7 NOTICE AND JURY DEMAND filed in said Court on October 13, 2025, in a suit numbered 202578056 on the docket of said court, wherein HEARD, SHANNON Plaintiff(s) and CEAZAR, ALVESTER, Defendant(s), the nature of plaintiff's demand being and the said petition alleging:

**Plaintiff: Shannon Heard**
**Defendant: Alvester Ceazar**
**Date of Accident: December 24, 2023**
**Time: 9:50 p.m.**
**Location: Intersection of Ella Blvd. and Barren Springs Dr.**
**Incident: Defendant failed to yield the right of way and collided with Plaintiff.**

Notice hereof shall be given by publishing this Citation once a week for four consecutive weeks previous to the day of JUNE 29, 2026, in some newspaper published in the County of HARRIS, if there be a newspaper published therein, but if not, then the nearest county where a newspaper is published, and this Citation shall be returned on JUNE 23, 2026, which is forty two days after the date it is issued, and the first publication shall be at least twenty-eight days before said return day.

**HEREIN FAIL NOT,** but have before said court on said return day this Writ with your return thereon, showing how you have executed same.

**WITNESS: Marilyn Burgess**, District Clerk of Harris County, Texas

**GIVEN UNDER MY HAND AND SEAL OF SAID COURT** at Houston, Texas on May 12, 2026.

(SEAL)

Newspaper: HOUSTON CHRONICLE

Issued at request of:
GHAZNAVI, FAIZAN U.
3 SUGAR CREEK CENTER BLVD, SUITE
SUGARLAND, TX 77478
516-702-2462

Bar Number: 24127475

*/s/ Marilyn Burgess*
**Marilyn Burgess, District Clerk of** Harris County, Texas
201 Caroline, Houston, Texas 77002
P.O. Box 4651, Houston, Texas 77210

Generated By: TAYLER HATCHER
IPLHOU0144421




# Iranian Christian detained amid visa issues

By Julián Aguilar
STAFF WRITER

Zahra Razavinik, an Iranian immigrant who has lived in the United States for nearly three decades, is part of a team of teachers at Memorial Drive Presbyterian Church who encourage preschool children to develop their "God-given gifts."

Federal immigration officials have deemed her a threat to national security and sent her to the El Valle detention center in Raymondville. She's been detained since January, despite her lack of criminal history and efforts to relocate to a country that will grant her a visa.

"She cannot go back to Iran. Keep in mind the country conditions over there," Razavinik's attorney, Misbah Chaudhry, said. "Right now, it's open war between Iran and USA."

What's just as concerning, Chaudhry added, is that Razavinik, 66, is a Christian.

"It's a fundamentalist government over there, very conservative," she said. "She is a liberal, and because of her religious activities, she has no option to go back."

It's unclear how the current conflict between the U.S. and Iran could affect Razavinik's fate. The U.S. and Iran came to an agreement last month to cease hostilities. Chaudhry doubts conditions for people such as Razavinik will improve.

Christians in Iran continue to be arrested and imprisoned in the aftermath of the 12-day war with Israel in June 2025, human rights groups have reported.

Last year, authorities in Iran arrested more than 250 Christians on charges related to their religious beliefs, an increase of more than 80%, according to Article 18, a London-based nonprofit that advocates for religious freedom in Iran.

More than 40 Christians were still serving sentences at the end of 2025, and at least 16 others remained in pretrial detention, the nonprofit states.

Razavinik has been in the United States since 1997 after she entered the country from Germany, where she was previously granted asylum. In 2006, an immigration judge granted her withholding of removal, a relief from deportation to an immigrant's home country due to a fear of persecution. She was granted that relief because she was a Christian in a majority Muslim nation, according to a court filing.

She was ordered to return to Germany or apply for a visa to enter another country but had no luck, Chaudhry said.

"She repeatedly applied to go to Holland, Norway, Canada, France, Denmark, Sweden, Switzerland and Germany," she said.

For the last two decades, her friends and family said, Razavinik has led a quiet but productive life and worked as a preschool teacher at Memorial Drive Presbyterian Church. She has a valid work permit until 2030, her attorney said. Razavinik was also the chief caretaker for her husband, who has a heart condition.

During a routine check-in with Immigration and Customs Enforcement agents in January, Razavinik was detained despite showing proof that she had applied for visas elsewhere. A pastor from the church accompanied her to her appointment, but Razavinik never emerged from the building.

The ICE field office in Houston did not respond to a request for more information about Razavinik's detention.

"We applied for parole, we applied for a bond request with the judge, we presented everything in front of the judge to show that she has been continuously trying," Chaudhry said.



Razavinik

Mohammad Reza Modaresi, Razavinik's husband, said his wife's time in detention is taking its toll. Last week, Razavinik was almost mistakenly sent to Mexico without explanation, Modaresi said. If not for a last-minute call to the transport agents after officials realized their mistake, Ravazinik could have been sent to a country she's never known.

"Zahra called me as soon as she returned to her dorm," he said. "She is deeply shaken. She told me that the stress of those few hours was much worse than her entire six months in detention."

## 'Part of the family'

Karen and Kyle Wittenbraker, whose children Razavinik taught at Memorial Drive Presbyterian Church, told the Houston Chronicle that Razavinik




Associated Press file photo

**Zahra Razavinik has been held since January in the El Valle detention center in Raymondville.**

was an easy target for the Trump administration as it looks to ramp up its immigration detention and deportation numbers.

"They're the ones who come in and check in and are trying to do the right thing, and then you just catch them at their check-in appointment and detain them," Kyle Wittenbraker said.

Razavinik cared for the Wittenbrakers' children, including a son with autism, after preschool. The family considers her more than a babysitter.

"She would help drive him to his appointments and therapy, because that's a lot of extra work," Wittenbraker said. "I don't really like calling her a nanny because she's sort of more than that. She almost became — or did become — sort of part of the family."

Wittenbraker, a Marine Corps veteran who deployed to combat three times, said Razavinik's detention and the Trump administration's immigration crackdown has stained the country's reputation.

"This isn't the country that I served. I'm embarrassed by the Gestapo tactics," he said. "It's cowardly, and it's incredibly disappointing."

Razavinik's legal team is seeking her release from detention. She has a pending petition for release before a federal court in Brownsville.

## 'Not deportable'

Brian Green, a Colorado-based attorney handling Razavinik's habeas corpus petition, said her prolonged detention goes against U.S. Supreme Court precedent.

"It's been 20 years since the end of her immigration court litigation," he said, citing Razavinik's order to return to Germany in 2006. The government is "supposed to remove someone within six months. Putting her back into detention now is unfair unless they have a third country that's going to take her back now."

In a court filing, Green argues that ICE has not presented evidence that Germany or any other country will grant Razavinik's application for a visa.

"She is stateless and thus not deportable," the filing states.

Green also argues that keeping Razavinik locked up would "create a regime of shadow detention authority."

"ICE could maintain lists of individuals with decades-old removal orders and strategically detain them whenever politically expedient or when seeking to bolster removal statistics, regardless of whether removal is actually possible," the petition states.

Modaresi said foreign governments have denied Razavinik's applications for a visa for different reasons. Some require a person to be in the country where they are seeking refuge, others have told her she is currently in a "free country" and she does not face a viable threat, and others have simply not provided the travel documents necessary to apply.

Modaresi hasn't visited his wife because she's worried about the toll the 300-mile trip to Raymondville might have on her husband's health as he battles a heart condition. But Modaresi said that's not the only concern.

What's stopping ICE from detaining him, too?

"I have a work permit, I have a judge's order, I have a withholding of removal," he said. "But why would I think I am safe?"

## LEGAL NOTICES

HoustonChronicle.com/Place-Legals legals@chron.com 713.362.6868


**Notice to Creditors** **Notice to Creditors**

**NOTICE TO CREDITORS AD**

**$99.00**

Contact our team:
**legals@chron.com**
OR

Visit our 24/7 website to place, anytime:
**HoustonChronicle.com/Place-Legals**

***Includes first 36 lines and 1 Affidavit of Publication. $2.00 each additional line.***


**Legal Bids & Proposals** **Legal Bids & Proposals**

NOTICE OF REQUEST FOR PROPOSALS Southwest Public Schools is soliciting sealed proposals from qualified and experienced food service vendors to provide vended meal services for the District's Child Nutrition Program for the 26-27 school year. Interested vendors may obtain the complete RFP package and detailed specifications by contacting Melissa Nowicki, Chief Financial Officer at Phone: (713) 784-6345 Email: mnowicki@swschools.org or by download from the District website at: https://www.swschools.org. Sealed proposals must be received no later than Friday, July 17, 2026 2:00 PM CT.
IPLHOU0148391

SER-Niños Inc.
Request for Proposal
Notice is hereby that SER-Niños Inc is requesting sealed proposal to provide vended meal service for the federally funded school child nutrition program. Sealed proposal are due to SER-Niños Inc. CN Department Att: Denis Juarez, 5815 Alder Dr. Houston, TX 77081 on or before August 5, 2026 by 12:00 p.m. This procurement is being conducted using an RFP method. Price will be the primary evaluation factor. Copies of the RFP are available by emailing djuarez@serninos.org.SER-Niños Inc. reserves the right to reject any or all proposal and to waive minor informalities when action is determined to be in the best interest of the school. SER-Niños Inc. Institution is an equal opportunity provider.

IPLHOU0149024

**Citation by Publication**

**THE STATE OF TEXAS**

To: Defendant Cynthia Cole

United States District Court for the Southern District of Texas
515 Rusk Avenue, Houston, TX 77002

CASE #: 4:25-cv-05034

**Guillermo Vazquez, in his capacity as Administrator of AFSCME Local 1550, and American Federation of State, County & Municipal Employees, AFL-CIO,**

**Plaintiffs,**

**v.**

**Cynthia Cole, Karen Dugar, Sonja Ross, Alvernise Boyd, and National Organization for State County Municipal Employees 1550 Association,**

**Defendants.**

This action seeks to recover more than $450,000.00 that Defendants obtained through repeated acts of embezzlement and conversion of union assets in violation of 29 U.S.C. § 501(c), mail fraud, bank fraud, and breaches of fiduciary duty in violation of 29 U.S.C. § 501(a).

Counsel for Plaintiffs:
Barry I. Levy, Esq. • Max Gershenoff, Esq. • Elan Kirshenbaum, Esq.
RIVKIN RADLER LLP
926 RXR Plaza, Uniondale, NY 11556
(516) 357-3000
Barry.Levy@rivkin.com • Max.Gershenoff@rivkin.com • Elan.Kirshenbaum@rivkin.com

Petition Filed: October 22, 2025
Citation Issued: May 14, 2026 (Court Order Granting Motion for Substituted Service via Publication)

Rhonda Hawkins, Case Manager
United States District Clerk's Office,
United States Courthouse
515 Rusk Street, Room 9110, Houston, TX 77002
(713) 250-5518

**You have been sued. You may retain an attorney. Failure to file a written answer to the petition on or before Monday, August 24, 2026, at 10:00 AM may result in a default judgment entered against you, Cynthia Cole. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.**

**You are commanded to appear in this case and file an answer on or before: Monday, August 24, 2026, at 10:00 AM**
IPLHOU0146910

**Citation by Publication**

CAUSE NUMBER: 202625118

PLAINTIFF: FEDERAL HOME LOAN MORTGAGE CORPORATION
VS.
DEFENDANT: APPLEGATE , OLGA

In the 129th
Judicial District
Harris County, Texas

CITATION BY PUBLICATION

THE STATE OF TEXAS County of Harris

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 42 days after the date this citation was issued, a default judgment may be taken against you."

**To: UNKNOWN HEIRS AT LAW OF OLGA APPLEGATE, DECEASSED**

YOU ARE HEREBY COMMANDED to be and appear before the 129th Judicial District Court of Harris County, Texas in the Courthouse in the City of Houston, Texas at or before 10:00 o'clock A.M., Monday, 6th day of July, 2026, being the Monday next after the expiration date of forty-two days after this citation is issued, and you are hereby commanded and required then and there to appear and file written answer to the Petition, filed in said Court on April 15, 2026, in a suit numbered 202625118 on the docket of said court, wherein Federal Home Loan Mortgage Corporation, as Trustee of the Freddie Mac SLST 2025-2 Participation Interest Trust, Plaintiff, v. Olga Applegate and The Heirs at Law of Olga Applegate, Deceased, Defendants.

**The Petition seeks an order to foreclose the lien on the property an assert a claim to the property located at 19111 Atasca Oaks Drive, Kingwood, TX 77346 and legally described as: Lot Seven (7), Block Three (3) Of Parkside At Kingwood Glen, An Addition In Harris County, Texas, According To The Map Or Plat Thereof Recorded In Flim Code No. 453041, Of The Map Records Of Harris County, Texas.**

GIVEN UNDER MY HAND AND SEAL OF SAID COURT at Houston, Texas this 22nd day of May, 2026.

(SEAL)

**Joshua Hall** District Clerk Signature & Seal

Issued at the request of: LOGS Legal Group LLP – Counsel for Plaintiff Address: 13105 Northwest Freeway, Suite 960, Houston, TX 77040 (Clerk info)

Newspaper: HOUSTON CHRONICLE
IPLHOU0145650

**Legals/Public Notices** **Legals/Public Notices** **Legals/Public Notices**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 26-10678** |
| | § | **(JOINTLY ADMINISTERED)** |
| **CROSBY MARINE TRANSPORTATION, LLC,** | § | **CHAPTER 11** |
| | § | **COMPLEX CASE** |
| **Debtors.** | § | |
| | § | **SECTION: A** |

**NOTICE OF BAR DATES**
**FOR FILING PROOFS OF CLAIM**

**NOTICE: Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**PLEASE TAKE NOTICE** on March 23, 2026 ("***Petition Date***"), Crosby Marine Transportation, LLC ("***Transportation***"), Crosby Tugs, LLC ("***Tugs***"), Crosby Dredging, LLC ("***Dredging***"), and Bertucci Contracting Company, L.L.C. ("***Bertucci***" and collectively, "***Debtors***"), as Debtors in Possession, each filed for relief under Chapter 11 of the Bankruptcy Code thereby commencing these cases (the "***Chapter 11 Case(s)***").

**PLEASE TAKE NOTICE** the Court has set ***July 30, 2026,*** as the deadline for any person or entity that holds a claim against the Debtors as of the Petition Date (referred to as "***Creditor***" or "***Creditors***") to file a Proof of Claim as modified by the Order establishing the Bar Date. This Bar Date applies only to those Creditors who are not listed in the Debtors' Schedules, unless such Creditor asserts a lien (other than preferred ship mortgage) under the Commercial Instrument and Maritime Lien Act (46 U.S.C. §§ 13101–13143 ("***CIMLA***") against a Debtor, or whose claim is scheduled as contingent, disputed, or unliquidated. See below for more information about how to determine the listing of your claim and what happens if the Debtors later amend the Schedules.

**PLEASE TAKE NOTICE** the deadline for any governmental unit to file a claim is ***September 21, 2026***, for any governmental unit to file a claim pursuant to 11 U.S.C. § 502(b)(9).

**PLEASE TAKE NOTICE that if you are asserting a lien (other than a preferred ship mortgage) under the Commercial Instrument and Maritime Lien Act (46 U.S.C. §§ 13101–13143) [known as a Maritime Lien], or other lien against any vessel owned by any debtor, you must include the attached addendum to your proof of claim providing the following information:**

**(a) The name of each Debtor against whom you are asserting a lien, including the vessel against which you are asserting a lien;**
**(b) The nature of the maritime lien under 46 U.S.C. § 13101(5);**
**(c) The date the lien was established;**
**(d) The amount of the lien claimed;**

**A Maritime Lien can arise from a maritime tort or the provision of "necessaries" to a vessel. Necessaries can include any essential goods, supplies, or services provided to a vessel to keep it operating safely, efficiently, and in navigation.**

**ADDITIONALLY, if you are asserting a maritime lien against any of the Debtors or the Debtors' vessels, you must also attach documentation supporting your lien claim (e.g. invoices, receipts, charter agreements, bills of lading, supply or repair contracts, vessel logs, time-and-material logs and/or ledger entries, any notices of claims of lien filed with National Vessel Documentation Center).**

**If you assert more than one maritime lien (e.g. for services provided to multiple vessels), you will need to submit a separate proof of claim and addendum for each claim/lien asserted.**

**PLEASE TAKE NOTICE** the deadline for any Creditor with a claim that arises from the rejection of an executory contract or lease is on or before the later of (a) the General Bar Date; or (b) thirty (30) days after the effective date of such rejection as ordered by the Court.

**PLEASE TAKE NOTICE** You can file a Proof of Claim using one of three methods:

1. By using the Court's Electronic Proof of Claim ("***ePOC***") process on the Court's website, https://ecf.laeb.uscourts.gov/cgi-bin/autoFilingClaims.pl;
2. If the person or entity is represented by an attorney, by filing electronically through the Court's CM/ECF system a Proof of Claim conforming substantially to **Official Form B410**, a copy of which accompanies this notice; or
3. By delivering a Proof of Claim conforming substantially to Official Form B410 (attached hereto) to the Court, either in person or by mail to the U.S. Bankruptcy Court, 500 Poydras Street, Suite B-601, New Orleans LA 70130, subject to Covid-19 protocols. If you mail your Proof of Claim to the Court, you must mail it early enough so the Court will receive it on or before the deadline in this notice and enclose a second copy of the Proof of Claim with a self-addressed stamped envelope to receive confirmation the claim was filed.

**PLEASE TAKE NOTICE** to determine if you are listed on the Schedules in a way that would excuse you from filing a Proof of Claim, you may review the Schedules at the U.S. Bankruptcy Court, 500 Poydras Street, Suite B-601, New Orleans LA 70130 – subject to Covid-19 protocols, online at www.pacer.gov, or by contacting Michael Landis, with Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, PLC 601 Poydras Street, Suite 2775, New Orleans, LA 70130 by email at mlandis@lawla.com

**PLEASE TAKE NOTICE** if you do not file a Proof of Claim because you agree with the amount, priority and asserted status listed on the Schedules, and later the Debtors amend the Schedules to change the information about you, then the Debtors shall give notice of such amendment to you, and you may file a Claim by the later of the General Bar Date or thirty (30) days from the date of the notice telling you about the amendment.

**PLEASE TAKE NOTICE** if you are required to file a Proof of Claim and you or your attorney do not take these steps, the Court may decide that you are not entitled to be paid in this case.

**ADDENDUM TO PROOF OF CLAIM**

**CREDITOR**: ______________________

**IS ASSERTING A LIEN (OTHER THAN A PREFERRED SHIP MORTGAGE) UNDER THE COMMERCIAL INSTRUMENT AND MARITIME LIEN ACT (46 U.S.C. §§ 13101–13143) [KNOWN AS A MARITIME LIEN] OR OTHER LIEN AGAINST ANY PROPERTY OF ANY DEBTOR AND PROVIDES THE FOLLOWING INFORMATION AS AN ADDENDUM TO THE PROOF OF CLAIM:**

**(a) Creditor is asserting a lien against:**

| | | |
|---|---|---|
| CROSBY MARINE TRANSPORTATION, LLC | Yes ☐ | No ☐ |
| CROSBY TUGS, LLC | Yes ☐ | No ☐ |
| CROSBY DREDGING, LLC | Yes ☐ | No ☐ |
| BERTUCCI CONTRACTING COMPANY, L.L.C. | Yes ☐ | No ☐ |
| VESSEL SUBJECT TO LIEN | ______________ | |
| OFFICIAL VESSEL NUMBER | ______________ | |

**(b) The nature of the maritime lien:**

| | |
|---|---|
| Damages arising out of maritime tort: | ☐ |
| Wages of a stevedore when employed directly by a person listed in 46 U.S.C. § 13141 | ☐ |
| Wages of the crew of a vessel | ☐ |
| General averages | ☐ |
| Salvage, including contract salvage | ☐ |

**(c) The date the maritime lien was established:** ______________

**(d) Documentation attached**

CC-44290591

Katy Family Eye Care Office Closure

1313 N Fry Road
Houston, Texas 77449
Practice will close July 31st, 2026

Authorized Patient Record Release
veritrust.net/client-support/medical-records-request/
Phone: 713-263-9000 Fax: 281-758-8316
Email: medicalrecords@veritrust.net
Mail: P.O. Box 550748, Houston, TX 77255
IPLHOU0150614



**Legal Bids & Proposals** **Legal Bids & Proposals**

**Request for Qualifications**
**RFQ 26-01**
**Affordable Housing Development Partners**

Harris County Housing Authority (HCHA) is seeking submissions from qualified Respondents interested in partnering on affordable housing development services, including but not limited to development, financing, construction, preservation, and related real estate development activities for current and future housing initiatives. This RFQ is being issued as a continuously open solicitation. **Proposals shall be emailed to:** dominique.king@hchatexas.org. RFQ 26-01 will be posted on HCHA's website at www.hchatexas.org and can be downloaded there.
IPLHOU0149303

NOTICE TO BIDDERS
**The Metropolitan Transit Authority of Harris County, Texas (METRO) is planning to issue the procurement documents listed in this advertisement.**

**IFB No. Doc2282570456: Purchase and Delivery of H4 LRV Brake Overhaul Kits.**
Solicitation will be available on or about 06/29/2026.

Prospective bidders/proposers can view and download these solicitations by visiting METRO's website at ridemetro.org/Open Procurements

If you are unable to download the documents or are having difficulty, please contact 713-615-6125 or email Contracts/Property Services at propertyservices@ridemetro.org.
IPLHOU0149568

**HOUSTON CHRONICLE**

**AFFIDAVIT OF PUBLICATION**

**STATE OF TEXAS:**

Before me, the undersigned authority, a Notary Public in and for the State of Texas, on this day personally appeared, a Newspaper Representative for the Hearst Newspapers, LLC – dba HOUSTON CHRONICLE, a newspaper published in Harris County, Texas, and generally circulated in the Counties of HARRIS, TRINITY, WALKER, GRIMES, POLK, SAN JACINTO, WASHINGTON, MONTGOMERY, LIBERTY, AUSTIN, WALLER, CHAMBERS, COLORADO, BRAZORIA, FORT BEND, GALVESTON, WHARTON, JACKSON, and MATAGORDIA and that the publication, of which the annexed herein, or attached to, is a true and correct copy, was published to wit.

---

**RIVKIN RADLER ATTORNEYS AT LAW** **SIZE BEING : 1.51" x 7.08"**

**06/14/2026 Houston Chronicle**
**06/21/2026 Houston Chronicle**
**06/28/2026 Houston Chronicle**
**07/05/2026 Houston Chronicle**

Victoria Bond
NEWSPAPER REPRESENTATIVE (signature)

Victoria Bond
NEWSPAPER REPRESENTATIVE (printed)

Sworn and subscribed to before me, the 6th Day of July A.D. 2026

TAMIKA PERRY
Notary Public, State of Texas
Comm. Expires 05-05-2027
Notary ID 134344618

Notary Public in and for the State of Texas

**THE STATE OF TEXAS**

To: Defendant Cynthia Cole

United States District Court for the Southern District of Texas
515 Rusk Avenue, Houston, TX 77002

CASE #: 4:25-cv-05034

**Guillermo Vazquez, in his capacity as Administrator of AFSCME Local 1550, and American Federation of State, County & Municipal Employees, AFL-CIO,**

**Plaintiffs,**

**v.**

**Cynthia Cole, Karen Dugar, Sonja Ross, Alvernise Boyd, and National Organization for State County Municipal Employees 1550 Association,**

**Defendants.**

This action seeks to recover more than $450,000.00 that Defendants obtained through repeated acts of embezzlement and conversion of union assets in violation of 29 U.S.C. § 501(c), mail fraud, bank fraud, and breaches of fiduciary duty in violation of 29 U.S.C. § 501(a).

Counsel for Plaintiffs:
Barry I. Levy, Esq. • Max Gershenoff, Esq. • Elan Kirshenbaum, Esq.
RIVKIN RADLER LLP
926 RXR Plaza, Uniondale, NY 11556
(516) 357-3000
Barry.Levy@rivkin.com • Max.Gershenoff@rivkin.com • Elan.Kirshenbaum@rivkin.com

Petition Filed: October 22, 2025
Citation Issued: May 14, 2026 (Court Order Granting Motion for Substituted Service via Publication)

Rhonda Hawkins, Case Manager
United States District Clerk's Office,
United States Courthouse
515 Rusk Street, Room 9110, Houston, TX 77002
(713) 250-5518

**You have been sued. You may retain an attorney. Failure to file a written answer to the petition on or before Monday, August 24, 2026, at 10:00 AM may result in a default judgment entered against you, Cynthia Cole.**
**In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.**
**Find out more at TexasLawHelp.org.**

**You are commanded to appear in this case and file an answer on or before: Monday, August 24, 2026, at 10:00 AM**
IPLHOU0146910